Noe v. Kern.

Noe *et al.*, *by Curator*, v. Kern, *Administrator, etc.*, *Appellant.*

|  |  |
|---|---|
| 93 | 367 |
| 102 | 122 |
| 93 | 367 |
| 113 | 117 |
| 93 | 367 |
| 120 | 416 |
| 93 | 367 |
| 127 | 102 |
| 93 | 367 |
| 141 | 62 |
| 93 | 367 |
| 156 | 419 |
| 93 | 367 |
| 158 | 246 |
| 86a | 87 |
| 93 | 367 |
| 88a | 369 |
| 93 | 367 |
| 176 | ³ 12 |

1. **Will: PRECATORY TRUSTS.** Words of recommendation, request, entreaty, wish, or expectation, addressed to a legatee or devisee, will make him a trustee for the person or persons in whose favor such expressions are used; provided the testator has pointed out, with sufficient clearness and certainty, both the subject-matter and the objects of the intended trust.

2. ———: ———. A precatory trust may be charged against property devised to another absolutely, provided the intention of the testator to so charge it appears from the will.

3. ———: **INTENTION OF TESTATOR: SURROUNDING CIRCUMSTANCES.** The intention of the testator, in construing a will, is to be ascertained if possible, and in looking for the intention, the surrounding circumstances may be taken into consideration.

4. ———. The will in this case construed and the precatory words therein held to create a trust in favor of plaintiffs.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Martin, Laughlin & Kern* and *Given Campbell* for appellant.

The decree should have been in favor of defendants, as, under the law, the will raised no trust in favor of

either Paul or Sadie Noe. *Corby v. Corby*, 85 Mo. 371, 392, 393; *Wright v. Adkins*, 1 T. & R. 143; *Wood v. Cox*, 2 My. & Cr. 684; *Webb v. Wolls*, 2 Sim. [N. S.] 267; *Knott v. Colton*, 2 Phil. 192; Perry on Trusts, sec. 116; 2 Story Eq. Jur., secs. 1069, 1070; 2 Pomeroy Eq., secs. 1015, 1016, 1017; *Meredith v. Hineage*, 1 Sim. 542, 551; *Howard v. Carusi*, 109 U. S. 733; *Colton v. Colton*, 21 Fed. Rep. 595; *Campbell v. Beaumont*, 91 N. Y. 465; *Hess v. Singler*, 114 Mass. 59; 1 Jarman on Wills [2 Am. Ed.] 686. If the court should hold that there should have been a decree in favor of the plaintiffs, then the decree was for an excessive amount, and was contrary to the evidence and the law, Paul Noe being above nineteen years and six months old, and Sadie being little more than a month less than sixteen years of age, at the date of the decree.

*Collins & Jamison* and *John Wickham* for respondents.

(1) The words in the will are sufficiently imperative to create a precatory trust in favor of Paul and Sadie Noe. *Bohan v. Barret*, 79 Ky. 383; *Erickson v. Williard*, 1 N. H. 228; *Collins v. Carlisle*, 7 B. Monroe, 14; *Knox v. Knox*, 59 Wis. 172; Perry on Trusts, sec. 112; *Brownfield v. Wilson*, 78 Ill. 467. (2) The controlling guide in construing a will is to ascertain the intention of the testator. *Turner v. Timberlake*, 53 Mo. 371; *Gaines v. Fender*, 57 Mo. 342; *Carr v. Dings*, 58 Mo. 400; *Smith v. Hutchinson*, 61 Mo. 83; *Allison v. Chaney*, 63 Mo. 279. (3) No particular form of expression is required in order to create a binding trust, and words of recommendation, request, entreaty, confidence, wish, desire, or expectation, will impose a binding duty upon the devisee by way of a trust. *Schmucker's Estate v. Reel*, 61 Mo. 592–596; 1 Jarman on Wills [5 Am. Ed. 1880] 680; 2 Redf. on Wills [3 Ed.] marginal p. 410; *Buck v. Ashbrook*, 59 Mo. 200–202; *Warner v. Bates*,

98 Mass. 274–277 ; *Taylor v. Martin*, 8 Atl. Rep. 920 ; *Hunter v. Stembridge*, 12 Ga. 192 ; *Knox v. Knox*, 59 Wis. 183 ; Hill on Trustees [4 Am. Ed.] marginal p. 71 ; *Bohan v. Barret*, 79 Ky. 378–388 ; *McRee v. Means*, 34 Ala. 349 ; *VanAmee v. Jackson*, 35 Vt. 176 ; *Harrison v. Harrison*, 2 Grattan [Va.] 1 ; *Dresser v. Dresser*, 46 Me. 48, and other cases. (4) The subject-matter expressed in the will is sufficiently certain. Broom's Legal Maxims, 481 ; *Stoneman v. Pyle*, 35 Ind. 103 ; *Nickerson v. Sheldon*, 33 Ill. 373 ; *Warner v. Bates*, 98 Mass. 278. (5) The objects of the bequest expressed in the will are sufficiently certain. *First Baptist Church v. Robertson*, 71 Mo. 326 ; *Schmidt v. Hess*, 60 Mo. 591 ; *Gillian v. Chancellor*, 43 Miss. 437.

NORTON, C. J. — This is a proceeding in equity which calls for the construction of the will of Virginia C. Ferguson, wife of Wm. F. Ferguson. She died on the sixth of September, 1883, leaving the following will :

"In the name of God, Amen. I, Virginia C. Ferguson, wife of William Ferguson, of St. Louis, Missouri, make and declare this to be my last will and testament, and hereby revoke all other wills by me heretofore made. First. I give, devise, and bequeath unto my husband, William Ferguson, all of my real and personal estate absolutely, the real estate being mostly situate in the city of Norfolk, county of Norfolk, state of Virginia. I make this bequest in the full faith that my husband will properly provide for the two children of my deceased brother, Simeon, whom we have undertaken to raise and educate. I appoint my said husband, William Ferguson, the executor of this, my last will and testament."

Two days after the death of Mrs. Ferguson, her husband died, leaving a will theretofore made, devising

all his property to his wife, the said Virginia, without making any provision for the two children of said Virginia's brother, Simeon, whom they had undertaken to raise and educate, and who are the plaintiffs in this suit; and they claim that, from the precatory words used in her will, a trust was created in their favor. During the two days that said William lived after his wife's death, the evidence showed that he was under the influence of morphine, and not capable of transacting business. The said Virginia, at the time of her death, owned, in St. Louis, personal property worth about ten thousand dollars, and also owned considerable real estate in Virginia. Some time before the death of Mrs. Ferguson, she and her husband, who were childless, took into their family Paul and Sadie Noe (the plaintiffs in this suit), two children of Simeon Noe, the deceased brother of Mrs. Ferguson, who lived with them as their adopted children, and were supported and maintained by them as such, until the death of said Virginia and William Ferguson. No debts were proved up against the estate of said Virginia.

The circuit court held that, by the will of Mrs. Ferguson, her estate passed to her husband charged with a trust in favor of said Paul and Sadie Noe, and that the sum of nine thousand dollars was a reasonable amount for the purpose Mrs. Ferguson had in view; which was adjudged to be paid over to the curator of the plaintiffs, both of whom were minors. The defendant has appealed from this judgment and insists that the will of Mrs. Ferguson does not admit of the construction thus put upon it, and that if it does, the judgment of the court is for too large an amount. In support of the first ground relied upon, it is insisted that the tendency of recent decisions is to restrict rather than enlarge the doctrine applicable to precatory trusts, and we have been cited to a number of authorities stating that proposition generally. While this may be so, it may nevertheless be

safely affirmed that they do not overthrow the rule, prevailing both in England and in this country, "that words of recommendation, request, entreaty, wish, or expectation, addressed to a legatee or devisee, will make him a trustee for the person or persons in whose favor such expressions are used; provided, the testator has pointed out, with sufficient clearness and certainty, both the subject-matter and the objects of the intended trust." 1 Jar. on Wills [Ran. & Tal. notes] 680.

The rule upon this subject is stated, in the case of *Schmucker's Estate v. Reel*, 61 Mo. 596, to be as follows: "Courts of equity have frequently discussed the question as to the force of words or expressions of recommendation in wills in regard to the use to which testators might desire persons to whom they had given legacies to put the same. The prevailing doctrine is, that no particular form of expression is requisite in order to create a valid and binding trust; and that words of recommendation, request, entreaty, wish, or expectation, will impose a binding duty upon the devisee by way of trust, provided the testator has pointed out, with sufficient clearness and certainty, both the subject-matter and object of the trust."

In this class of cases, the difficulty is not as to what the rule is, but as to its application, and as is said in 1 Perry on Trusts [3 Ed.] section 114: "Every case must depend upon the construction of the particular will under consideration. The point really to be determined in all these cases is, whether, looking at the whole context of the will, the testator intended to impose an obligation on his legatee to carry his wishes into effect, or whether, having expressed his wishes, he intended to leave it to the legatee to act on them or not at his discretion." I do not understand the fact to be disputed, that two of the conditions presented by the above rule, as being necessary to the creation of a trust, viz., the subject-matter of the trust and the objects of the trust, are set

forth in the will with sufficient clearness and certainty; but it is claimed that the precatory words used are not sufficient to raise a trust, and that the devise of the property to the husband absolutely is inconsistent with the notion or contention that, by the second clause of the will, it was intended to charge the property thus devised with a trust.

That a trust may be attached to property devised to another absolutely, provided the intention of the testator to so charge it appears in the will, we think is settled by the following cases : In *Knight v. Knight*, 3 Beavan, 172, it is laid down as a general rule, that, "when property is given absolutely to any person, and the same person is, by the giver, who has power to command, recommended, or entreated, or wished to dispose of that property in favor of another, the recommendation, entreaty, or wish shall be held to create a trust : first, if the words are so used that, upon the whole, they ought to be construed as imperative ; second, if the subject of the recommendation or wish be certain, and, thirdly, if the objects or persons to have the benefit of the recommendation or wish be also certain." *Bohon v. Barrett*, 79 Ky. 378 ; Hill on Trustees, 71.

It is shown by the evidence in this case that Mr. and Mrs. Ferguson had no children ; that the two infant plaintiffs were the children of Mrs. Ferguson's deceased brother ; that both of them were frail, in bad health, without any means of support ; that one of them was so afflicted that, in all probability, she would never be able to contribute to her own support, on account of her mental and physical deformities ; that these children were taken into their family and treated as their children, though they were never legally adopted ; that they were the objects of great solicitude, both on the part of Mrs. Ferguson and her husband, from 1872 till the time of her death ; that her husband died in three days after she did, having been, during that time, in a

state of stupor and unable to transact business. Was it the intention of Mrs. Ferguson that these children should be provided for by her husband out of the property devised by her to him, and is that intention sufficiently shown by the use of the words, "I make this bequest in the full faith that my husband will properly provide for the two children of my deceased brother, Simeon, whom we have undertaken to raise?"

It is well settled that, in construing a will, the intention of the testator is to be ascertained if possible, and that, in looking for the intention, the surrounding circumstances may be taken into consideration. *Hall v. Stephens*, 65 Mo. 677 ; Wigram on Wills, 112. In view of the circumstances surrounding Mrs. Ferguson, and the language of the will, we think it cannot be doubted that she intended that her husband should provide for the children out of the property devised to him.

In the case of *Warner v. Bates*, 98 Mass. 274, the wife made a will devising to the husband for his life the use and income of her estate, "in the full confidence that, upon my decease, he will, as he has heretofore done, continue to give and afford my children such protection, comfort, and support as they or either of them stand in need of." It was held, Bigelow, C. J., rendering the opinion, that the words employed subjected the use and income to a trust which a court of equity would enforce, and, in speaking of the rule that the intent of the testator must govern in such cases, observed : "It may be sometimes difficult to gather that intent, and there is always a tendency to construe words as obligatory in furtherance of a result which accords with a plain moral duty on the part of a devisee or legatee, and with what it may be supposed the testator would do, if he could control his action." In the case of *Knox v. Knox*, 59 Wis. 172, the language of the will was : "Having full confidence in my said wife and request at her death she will divide equally," etc., and it was held to be suffi-

cient to create a trust. *Erickson v. Wittard*, 1 N. H. 217; 1 Jar. on Wills, 680.

Considering the frail and helpless condition of these children, the manner in which they had been raised, the circle in society in which they moved, we are unwilling to say that the sum decreed to be paid to their curator was more than it ought to be.

Judgment affirmed, in which all concur.