Shumate v. Bailey *et al., Appellants.*

Division One, June 6, 1892.

110 411
120 413
110 411
156 419

1. Will: intention of testator. In the construction of a will, the intention of the testator, as gathered from the terms he has used to express it, should be given paramount force and effect.

2. ———: "estate." The word "estate" is applicable alike to real and personal property, and in this case is *held* to apply to both.

3. ——: "BEQUEATH." The word "bequeath" is enlarged by the context in this case to mean "give" or "devise."

*Appeal from New Madrid Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

THIS is an action for the partition of land in New Madrid county, Missouri. After a judgment, ascertaining the interests of the several parties and directing a sale, the land was sold and the proceeds await the disposition of this appeal.

The will mentioned in the opinion reads as follows:

"I, John Thomas Miller, of Big Prairie, New Madrid county, Missouri, being of sound mind and judgment, do hereby execute this, my last will and testament, and for the purpose of carrying out the provisions herein contained do hereby appoint Alfred Sikes, Esq., of Big Prairie, to be my executor and administrator, with full power to him to act in the premises.

"*First*, I desire that my wife, Mary Ann Miller, shall have her life-rent interest in all my heritable property.

"*Second*, that she shall receive, and I hereby bequeath to her, the following personal effects belonging to me, viz.: All my household furniture, kitchen utensils, mule, buggy and harness, cow and calf, corn, oats and fodder, at my house and farm in Big Prairie.

"*Third*, that out of the readiest funds of my estate she shall be paid $700 (seven hundred dollars), $500 of which shall be applied to building her a house on whatever location she shall choose, the remaining $200 being for her immediate necessities.

"*Fourth*, that, when the balance (after deducting said payments to my wife) of my estate shall be realized,

it shall be divided in three equal parts, one part whereof I bequeath to my said wife, and the remaining two parts to the said Alfred Sikes, as curator for my two children, Lelia F. Miller and Cora Ellen Miller; and I direct the said Alfred Sikes to invest said two shares to the best advantage he can for the benefit of my said two children, he paying it over to them, with the accumulations thereon, on their attaining majority, or at their marriage, if that shall sooner happen; and in the event of said children, or either of them, dying without lawful issue then said shares, or share, shall revert to my heirs-at-law.

"*Fifth*, that my said wife shall be guardian for my two said children, and shall have the exclusive control of them, boarding and providing for them, free of all expense to them, except for clothing and education, which shall be paid out of their own share of my estate.

"Witness my hand, this twenty-fifth day of January, eighteen hundred and seventy.

"JOHN T. MILLER."

It was duly attested and probated. Its proper construction is the only issue on this appeal.

The other facts are mentioned in the opinion of the court.

*R. B. Oliver* and *Wilson Cramer* for appellants.

(1) The title to the real estate in question passed, by the provisions of the fourth clause of the will, to the widow and her two daughters, each taking an undivided one-third. (2) For the purpose of carrying out the manifest intent of the will the real estate will be considered as having been converted into personal property. 3 Redfield on Wills, p. 139, *et seq*. (3) Under the will the heirs-at-law of John T. Miller had a contingent remainder in the interests devised to Lelia F. and Cora

Ellen Miller, and upon the death of Cora Ellen without lawful issue her sister, who was the sole heir-at-law of her father, became the owner of the one-third devised to Cora Ellen. (4) The court should not have permitted Mary A. Randol and her two children, Ada and Lowndes Randol, to be made parties. If, in fact, they had any title the judgment in the cause then pending would not have affected them in the least. They were not necessary parties. (5) The partition, as adjudged by the court, is in direct contravention of the will, and, therefore, against the statute.

*J. J. Russell* for respondent.

(1) This will did not convey the lands for the following reasons: *First.* Lands are nowhere in the will expressly conveyed. *Second.* Lands are nowhere mentioned in the will. *Third.* The word "bequeath," the appropriate word for personalty, was used instead of the word "devise." *Fourth..* In the fourth clause of the will the words "share" and "shares" are used instead of "interest"—the word usual in designating lands. *Fifth.* From the whole will it is manifest that the deceased did not intend to devise his lands. (2) In construing wills the courts attempt in all cases to ascertain from the whole instrument the intention of the testator. *Chew v. Kellar*, 100 Mo. 362; *Reinders v. Koppelman*, 94 Mo. 338; *Suydam v. Thayer*, 94 Mo. 49.

BARCLAY, J.—In this proceeding for partition the trial court adjudged the respective interests of the parties upon the theory that the will of John T. Miller, deceased (a full copy of which appears in the accompanying statement), did not reach or devise his real estate, and that he died intestate as to such realty.

That view was indicated by the rejection of a declaration of law tendered by appellants, embodying the converse proposition, to the refusal of which they excepted.   No instructions were given; none other, refused.

The appellants claim that the will disposed of all his property, real and personal.

The decision of the issue thus raised determines the amount of interest in the subject-matter of this action properly belonging to each of the parties to the litigation.

In the construction of wills, the intention of the maker, as gathered from the terms he has used to express it, enlightened by the circumstances of his situation, should have paramount force and effect.

This rule is well known and conceded by all here.

Applying it, we see that, in the fourth item, the testator undertakes to divide his "estate," "when realized," "in three equal parts," and to dispose of it to his two children and wife, etc.   He uses the word "bequeath," but the context enlarges the technical meaning of it to signify "give" or "devise."   *Watson v. Watson* (1892), decided at this term.

The language of that section, as well as of other parts of the document, fairly indicates that he contemplated a sale of all his real property, except that set apart for his wife (the exact nature and extent of whose interest we need not determine, as this appeal does not question the circuit court's ruling upon that point), and that the proceeds (after paying the $700 legacy) should be divided and invested according to the directions in that clause.

It was remarked by Chief Justice SHAW in *Godfrey v. Humphrey* (1837), 18 Pick. 539, that "it has long been held that the devise of all a man's estate, where there are not words to control or restrain its operation, shall

be construed, not merely to mean his lands, but the quantity of interest which he has in them, so as to pass an estate of inheritance, if he has one. *Carter v. Horner*, 4 Mod. 89.''

In *Hackett v. Commonwealth* (1883), 102 Pa. St. 505, Judge STERRETT, speaking for the court, held that ''the word 'estate' is applicable alike to real and personal property, and to restrict it to the latter there should be a clear expression of the intention to do so.''

The same rule is stated in *Barnes v. Patch* (1803), 8 Ves. 604, and in *Hunt v. Hunt* (1855), 4 Gray, 193.

Reading the will as a whole we consider its reasonable and natural construction to include a disposition of the testator's entire estate, both in his real and personal property.

The only controversy in the present record is upon that subject.

We think the learned trial judge was mistaken in ruling that the will did not dispose of the realty.

The judgment is reversed and the cause remanded with directions to proceed to ascertain the several interests of the parties in the proceeds of said land according to the principles above indicated. Chief Justice SHERWOOD and BLACK and BRACE, JJ., concur.