Schorr v. Carter.

---

SCHORR v. CARTER *et al.*, *Appellants.*

Division Two, February 27, 1894.

1. **Will, Construction of:** LIFE ESTATE. A testator gave his wife all his interest in land described in the will, certain stocks, and all mixed property he might own at the time of his death, "and after her death all real, personal and mixed property of whatever she may be possessed of at the time, shall be equally divided between my next relations and her next relations or heirs." *Held,* that she took only a life estate in the land so devised.

2. **Ejectment:** LIFE ESTATE: DAMAGES. Purchasers from a life tenant when ejected by the remainder man can not prove their outlay in preserving the property to reduce damages.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Rassieur & Schnurmacher* for appellants.

(1) In the construction of a will, the main object is to ascertain the meaning and intention of the testator. In reaching that result, however, the courts are guided by certain well established and well understood rules of interpretation. 4 Kent, star page 537; *Shumate v. Bailey*, 110 Mo. 411; *Chew v. Keller*, 100 Mo. 362; *Reinders v. Koppelman*, 94 Mo. 338. (2) Where the testator is the owner of the fee, a devise of "all right and title" to the same, or "all interest" in the same will pass a fee. And so a devisee of the testator's "moiety," "part" or "share" of real estate, will carry the fee, if such was the testator's interest. 2 Redf. on Wills, star page 332; 3 Wash. on Real Prop., star page 694. (3) In the case of doubt or ambiguity "the courts incline to construe devises so as to give an estate of inheritance." 1 Redf. on Wills, star page 421. (4) When the words of a will, in the first instance, indicate a disposition in the testator to give the entire interest, use and benefit of the estate, as he himself possesses it, to the devisee, it will not be restricted or cut down to any less estate by subsequent or ambiguous words inferential in their intent. 2 Redf. on Wills, star page 277; *Clark v. Leupp*, 88 N. Y. 228; *Weed v. Gray*, 78 Mo. 59; *Nichols v. Boswell*, 103 Mo. 151; *Roseboom v. Roseboom*, 81 N. Y. 359; Woerner on American Law of Administration, sec. 416, page 878, and cases cited in notes. (5) The testator, Adam Schorr, owned the fee to the property in dispute. He devises all his right, title, claim and interest therein to his wife. These words were sufficient and adequate to carry to her the fee, and their force ought not to be regarded as cut down by the subsequent expression that whatever property she might die possessed of, should pass into certain channels. "A remainder can not be engrafted

on a fee." *Wead v. Gray*, 78 Mo. 59. (6) In searching for the intention of the testator, it is proper to consider his situation and surroundings at the time, and the objects of his bounty. *Nichols v. Boswell*, 103 Mo. 151; *Noe v. Kern*, 93 Mo. 367; *Smith v. Bell*, 6 Pet. 75; *Hall v. Stephens*, 65 Mo. 670. (7) The court erred in excluding the evidence offered by defendant, Mrs. Kennel, as to the expenditures for necessary repairs and the preservation of the property. The damages in ejectment are compensatory, not punitive. Where the defendant's possession is, as in the case at bar, acquired and held in good faith, the damages are the net rents and profits. Had plaintiff been in possession, he could have realized no more. Sedgw. & Wait on Trial of Title to Land, page 440; *Fenwick v. Gill*, 38 Mo. 510; *Stump v. Hornback*, 109 Mo. 272.

*J. E. & J. F. Merryman* for respondent.

The intention of the testator is plain; the whole will must be read together and effect given to every clause of it, and the words used are to be understood in the sense indicated by the whole instrument. The testator's wife was to have the use and enjoyment of all his property during her life, and at her death what had not been consumed or lost, in that use and enjoyment, was to go to his adopted daughter. The construction put upon the will by the circuit court was correct on principle and authority. *Chiles v. Bartleson*, 21 Mo. 344; *Carr v. Diggs*, 58 Mo. 400; *Bean v. Kenmuir*, 86 Mo. 666; *Harbison v. James*, 90 Mo. 411; *Smith v. Bell*, 6 Peters, 68; 37 Ill. 443; 97 Ill. 113.

BURGESS, J.—Action of ejectment against defendant Amelia C. Kennel and her tenants, for the possession of a lot in the city of St. Louis. Both

parties claim title under Adam Schorr, who died in July, 1872, childless, seized in fee of the lot sued for. In 1861, he made his will. After providing for the payment of his debts and funeral expenses, the will proceeds as follows:

"I give and bequeath to my beloved wife, Regina Schorr (maiden name Regina Schlienger), all my right, title, claim and interest in three certain tracts or parcels of land [which are thereupon specifically described, and include the premises in dispute]; * * * four shares of the Domicile Saving and Loan Association, numbers 1813, 1814, 1815 and 1816, dated January 15, 1858; and all mixed property whatever I may be possessed of at the time of my death; and after my death, all real, personal and mixed property of whatever she, the said Regina Schorr, may be possessed of at the time, shall be equally divided between my next relations and her next relations or heirs; that is to say, after the payment of all just debts and funeral expenses."

On the twenty-second day of October, 1881, Regina Schorr conveyed by warranty deed the lot in controversy to the defendant, Kennel. She, Regina, died childless in 1885. So far as the record discloses, she left no heirs of any kind or description, while the plaintiff was the nearest of kin to the testator of any of his relations, being a nephew. The answer was a general denial, although it was admitted on the trial that defendants were in possession of the property at the time of the commencement of the suit. The trial resulted in a judgment for the plaintiff for possession of the premises sued for and $98.50 damages, from which judgment defendants appealed to this court.

The trial court held that Regina Schorr took only a life estate by the will; that nothing except that passed by her deed to the defendant Kennel, and that

after the death of the former, the title, by virtue of the provisions of the will, vested in the plaintiff, he being next of kin to the testator.

In construing a will, all of its provisions should be taken together and effect given to every clause of it, and the words used so construed as to meet as near as possible the intention of the testator. Our statute provides that in the construction of wills, courts "shall have due regards to the intent and meaning of the testator." *Shumate v. Bailey*, 110 Mo. 411.

In *Morrison v. Thistle*, 67 Mo. 598, SHERWOOD, C. J., says: "Equity looks to the intention—and will glean it, if possible, from the four corners of the instrument, and will not allow such intention to fail by reason merely of the accidental mislocation of the words designed to impress the estate conveyed with a particular character, and thus effectuate a specific purpose. * * * But the rule is to give, if it may be, to every word in the writing its appropriate meaning, and not to suffer the very intention to be defeated, although it is unequivocal and manifest, by a hairspun, technical construction of the instrument."

In *Chiles v. Bartleson*, 21 Mo. 344, the will that was before the court for construction contained the following provisions:

"Section 3. I will and bequeath unto my beloved wife, Frances Bartleson, my negro man, Charles, his wife, Clara, and their four children, and all of my lands, with the appurtenances thereunto belonging, with a sufficiency of stock to support the farm. * * * Section 8. And, further, after the above and foregoing bequests have been complied with, then out of the remainder of my estate, it is my will that the bequests made to my four children shall be made equal, according to my estimate, valued agreeably to their several bequests; the residue of my estate to be equally divided

between my wife and four children. And, further, it is my will that the bequests made to my wife, Frances, at her death, be equally divided between my four children."

It was held that the intention of the testator manifestly was to give the land to his wife during her life only, with remainder to his children. It will be observed that the third section of that will gave the personal and real estate to the wife without saying *during her natural life,* while the eighth section provides that the bequests made to the wife, at her death, be equally divided among the testator's four children; yet it was held that the wife only took a life estate in the land.

While it may be conceded that, when the testator is the owner of the fee, a devise of all right and title to the same will pass the fee (2 Redfield on Wills [3 Ed.], star p. 322; 3 Wash. Real Prop. [5 Ed.], star p. 694), it is also a well settled rule of law that the whole will must be construed together, not in detached parts; and if it be manifest, when so construed, that he did not intend to pass the fee, then the intention must prevail. The rule thus announced does not conflict with the one that, where an estate is given in one part of the instrument, such estate can not be taken away, or cut down by raising a doubt upon the extent of meaning or application of a subsequent clause, or by inference therefrom, or that a remainder can not be engrafted on a fee.

In *Harbison v. James,* 90 Mo. 411, it was held that a will which gave to the testator's widow all of his property, real or personal, with power to sell and reinvest, as she might desire, any part of the same for her separate use and benefit, and any portion of the estate remaining undisposed of at her death, to his three daughters, created in the widow a life estate, with power to use the principal, if necessary, for her support, and the remainder, if any, at her death went to the daughters.

So, in *Munro v. Collins*, 95 Mo. 33, the provision in the will was: "I will and bequeath to my wife, Mary Hardesty, all the estate, real, personal and mixed, of which I may die seized, to be held and enjoyed by her as her own, with this request, that the real estate shall be properly cared for, buildings kept in repair, and taxes promptly paid; and, after her death, such of said property as shall then be in her possession, I request shall be given to our adopted daughter, Helen Hause, to be hers absolutely, and in the event of her marriage, to be held and enjoyed by her absolutely, and free from the control or interference of her husband, and not liable to any debts or contracts of said husband. In the event of the death of said adopted daughter before my wife, the above request, in reference to the disposition of my property after my wife's death, need not be carried out towards her legal representatives; the *bequest* extending only to such daughter, unless my wife shall so elect. If said Helen should die leaving a child or children, then I request that such of said property as shall be left after the death of my said wife shall go to such child or children in equal parts. And in the event of the death of both my wife and said Helen, leaving no children, then I direct that such of said property as shall be left shall be divided between the different orphan asylums in St. Louis in equal parts." It was held that, by the will, the wife took only a life estate in the property with remainder over absolutely to his adopted daughter, she surviving the wife.

There is no substantial difference in the provisions of the will in the case in hand and the provisions of the wills in the *Chiles*, *Harbison* and *Munro cases*, and it should, we think, be governed by the same rules of construction laid down in those cases.

In arriving at the intention of the testator, his sit-

uation and surroundings at the time of the execution of the will, and the objects of his bounty may be taken into consideration. *Nichols v. Boswell*, 103 Mo. 151; *Noe v. Kern*, 93 Mo. 367. And when this is done it would seem to dispel any lingering doubt that might exist in the minds of any one with respect of the intention of the testator, and that he intended to give by his will a life estate only to his wife in the real property of which he died seized. His wife had no relations, while he had, and it was but the promptings of humanity that he should give to her a life estate in his landed property, to support her during her declining years, then to be equally divided between his and her next relations; this was but right, but equal and exact justice. If he had intended giving to her all of his property absolutely, why did he incorporate in his will the following provision: "And after her death, all real, personal and mixed property of whatever she, the said Regina Schorr, may be in possession of at the time, shall be equally divided between my next relations and her said next relations or heirs?" Such a provision would have been useless; but when taken in connection with the whole will, the situation and surroundings of the testator at the time of its execution, is of material aid in arriving at his intention. From these considerations, we are of the opinion that Mrs. Regina Schorr only took a life estate in the property in controversy by virtue of the provision of the will.

Defendants were not entitled to a reduction of damages for outlays expended in the preservation of the property, and the court committed no error in excluding all evidence with respect thereto. The judgment should be affirmed. It is so ordered. All of this division concur.