ALEXANDER et al. v. ALEXANDER et al., Appellants.

**Division Two, May 21, 1900.**

1. **Will:** CONDITION SUBSEQUENT. Whether or not the conditions upon which title to land is to vest in a devisee, are precedent or subsequent, is governed by the intention of the testator, at the time of the execution of the will, as it may be gathered from the whole instrument and the existing facts.

2. ———: ———: VESTED ESTATE. The will gave to testator's son a tract of land "provided he shall well and faithfully care for and support his mother as long as she shall live." The son died before the mother. *Held,* that the condition created by the will was a condition subsequent, since the act on which the estate was made dependent was not to be performed before the title was to vest, but was to accompany or follow it. The will vested the title in the son at the testator's death, and on his death the property descended to his heirs.

3. ———:- ———: NON-PERFORMANCE: DIVESTMENT. Although the son in no wise provided for the support of his mother, as he was required by the will to do, yet as he only lived two years after the testator, and his mother during all that time had a competency of her own and did not need support from him and never at any time requested him to care for and support her, but on the contrary voluntarily aided him in the support of his family up to the time of his death, the title was not divested out of the son by reason of his non-performance of the condition.

4. ———: ———: WAIVER. The mother had an unquestionable right to waive the performance of the condition which accompanied the devise and must be held under the circumstances of this case to have done so.

5. ———: ———: DEATH OF DEVISEE. The condition subsequent in this case to support his mother, upon the performance of which devisee's estate was made dependent, was of a personal character, and he was absolved therefrom by his death, the condition dying with him.

Appeal from Livingston Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*W. C. Samuel* and *Frank Sheetz & Sons* for appellants.

(1) The devise to S. L. Alexander was conditional. "No precise form of words is necessary in order to create conditions in wills; any expression disclosing the intention will have that effect. Thus 'a devise to A., he paying, or he to pay $500 within one month after my decease,' would be a condition for breach of which the heir might enter, unless the property were given over in default by way of executory devise." 1 Jarman on Wills, p. 797; Thomas v. Kelly,

16 Am. Rep. 718; Finley v. Hunter, 2 Strobh's Eq. 212; Richardson v. Richardson, 49 Mo. 29; Miller v. Miller, 148 Mo. 123; Marwick v. Andrews, 25 Me. 525; Blean v. Messenger, 4 Vroom, 499; Tilden v. Tilden, 13 Gray, 107; Hogelboom v. Hall, 24 Wendell, 146; Hayden v. Stoughton, 5 Pick. 528. (2) The failure to perform the condition defeats the title. The estate which depends upon a condition precedent can not vest when the condition fails of performance for any cause. 2 Redfield on Wills (3 Ed.), sec. 8, p. 285; 2 Williams Executors, 562. In general, the non-performance of a condition defeats the gift, whether precedent or subsequent. 2 Williams Executors, 566. If an estate be devised on condition that the devisee will maintain the testator's widow during her life, and the devisee refuse to accept and perform the condition, the devise is void, and the heirs may enter. Stone v. Huxford & Blackf. (Ind.) 452; Jackson v. Bull, 10 Johns. 151; Jackson v. Martin, 18 Johns. 34.

*John E. Wait, Mr. Kitt, Crosby Johnson* and *Robert Miller* for respondents.

(1) The presumption of law is that the testator did not intend to die intestate to any part of his estate. Farish v. Cook, 78 Mo. 213; Watson v. Watson, 110 Mo. 171; Schorr v. Ettling, 120 Mo. 48. (2) The law favors vested estates. Collier's Will, 48 Mo. 287; Chew v. Keller, 100 Mo. 369; 1 Jarman on Wills, p. 619; 2 Redfield on Wills, p. 218. (3) All estates under wills, in the absence of any provision to the contrary, are to become vested at the decease of the testator. 2 Redfield on Wills, star page 592; Collier's Will, 40 Mo. 287. (4) Conditions subsequent are not favored by the law. Peden v. Railroad, 5 Am. St. Rep. 680; Schoville v. McMahon, 36 Am. St. 350; Messersmith v. Messersmith, 22 Mo. 369; Studdard v. Wells, 120 Mo. 25; 2 Washburn on

Real Property, p. 3; Weinnick v. Weinnick, 18 Mo. App. 371. (5) If the condition does not necessarily precede the vesting of the estate, the estate vests. Tiedeman on Real Prop., sec. 273; Underhill v. Railroad, 20 Barbour, 455; 2 Washburn on Real Prop., p. 3. (6) Conditions that imply personal care are mere personal charges and do not effect the estate. Merrill v. Emery, 27 Mass. 507; Richards v. Merrill, 30 Mass. 408; Talor v. Lanier, 9 Am. Dec. 599; Pownal v. Taylor, 34 Am. Dec. 725; Rawson v. School District, 83 Am. Dec. 670; Jackson v. Bull, 10 Johns. 151; Jackson v. Martin, 18 Johns. 34. (7) Conditions subsequent which are impossible of performance, or afterward become so by the act of God, are void, and the estate is vested. Taylor v. Sutton, 60 Am. Dec. 682; Emerson v. Simpson, 80 Am. Dec. 184; Bryant's Admr. v. Dungan, 36 Am. St. 618; Morse v. Hayden, 82 Me. 227; Phillips v. Wood, 16 R. I. 274; Blackstone's Com., book 2, p. 156; Clark v. Brookfield, 81 Mo. 509. (8) Conditions subsequent must be created by express terms or clear implication, and are strictly construed. 2 Washburn on Real Prop., p. 3; Studdard v. Wells, 120 Mo. 25.

BURGESS, J.—This is an action for the construction of the will of S. A. Alexander deceased, that plaintiffs be decreed the owners of a certain tract of land in the petition described, for damages for the detention of the same, and its restoration to plaintiffs.

On March 8, 1890, S. A. Alexander died leaving a will which reads as follows:

"I, S. A. Alexander, of the township of Grand River, county of Livingston, and State of Missouri, being of sound mind and memory and understanding, do make my last will and testament in manner and form following:

"1.  I give and bequeath to my wife, Mary C. Alexander, the northeast quarter of section 17, township 56, and

range 22, with all my cattle, horses, hogs, farming imple-
ments, etc., thereto belonging, during her life, then to be-
come the property of my son, Spencer L. Alexander.

"2.  I give and bequeath to my son, S. L. Alexander,
the south half of the southeast quarter of section 8, township
56, range 22; provided he shall well and faithfully care for
and support his mother as long as she shall live.

"3.  I give and bequeath to my daughter, Sally A. Al-
exander, in lieu of land, three thousand dollars in money.

"4.  I will and bequeath to my daughter, Sally A. Al-
exander, and my son, Spencer L. Alexander, and my wife,
Mary C. Alexander, each five hundred dollars, and to Susan
L. Meyers forty-five dollars, to balance like amount already
paid to each of my other heirs.

"5.  I give and bequeath to my son, George M. Alex-
ander, one dollar.

"6.  I give and bequeath to my chldren, Eliza J.
Browning, Mary E. Littrell, Susan L. Meyers, Wm. F. Alex-
ander, John P. Alexander, Spencer L. Alexander and Sally
A. Alexander, and to my wife, Mary C. Alexander, one
thousand dollars each.

"7.  I give and bequeath to Eliza J. Browning, Mary
E. Littrell, Susan L. Meyers, Wm. F. Alexander, John P.
Alexander, Spencer L. Alexander, Sally A. Alexander, and
Mary C. Alexander each an equal share of all my other
property, except that William F. Alexander shall receive
double as much as any other one.

"In testimony whereof I have hereunto set my hand
and seal, and publish and decree this to be my last will and
testament, in presence of witnesses named below, this 3rd
day of February, in the year of our Lord, one thousand eight
hundred and ninety."

The testator left surviving him his wife, Mary C. Alex-
ander, and, as his heirs, D. L. Alexander, John P. Alexan-

der, William F. Alexander, and several other children whose names it is unnecessary to mention.

At the time of the death of the testator, S. L. Alexander, his son, was a minor, unmarried and living at home with his parents on the land devised to his mother. Thereafter he married, took his wife to the home of his mother, where they lived until his death on November 4, 1892. There was born of this marriage during the lifetime of the father a daughter, Florence Alexander, one of the plaintiffs in this suit. The other plaintiff, Blanche Alexander, widow of S. L. Alexander, in due time after the death of her husband, elected to take a child's part under the statute in her deceased husband's estate.

The tract of land devised to S. L. Alexander by the second clause of the will adjoins the one hundred and sixty acre tract devised to his mother for life by the first clause of the will, and both tracts were used by this son after his father's death for his own use and benefit. He rented the eighty acre tract to tenants. He never at any time cared for and supported his mother, but she with her own means and labor provided for him and his family after his marriage. Nor did she ever at any time request him to support or provide for her.

After the death of S. L. Alexander, his mother, Mrs. Mary C. Alexander, and all of the heirs of the testator except the plaintiff, Florence C. Alexander, conveyed their interests in said eighty-acre tract to defendants, John P. Alexander and William F. Alexander, who therafter, to-wit, about March 1, 1894, entered upon and took possession of said eighty acre tract, as for condition broken, and have remained in possession of it ever since.

Thereafter plaintiffs instituted this suit.

The court below adjudged and decreed that the will vested the title in fee to said eighty-acre tract of land in S. L. Alexander; that on his death it became vested in his heirs

subject to the election of his widow;·that under her election, she and her co-plaintiff, Florence C. Alexander, became and were vested of said title in fee as tenants in common and were entitled to the possession of the land, and rendered judgments in their favor for five hundred dollars damages for the wrongful detention by defendants of said land. Defendants then presented their motions for new trial and in arrest, which being overruled they appeal.

In the construction of a will the true intent and meaning of the testator is the chief object to be attained, and in arriving at such meaning and intention all of its provisions must be considered together, and effect given to every word and clause of it. [Morrison v. Thistle, 67 Mo. 598; Noe v. Kern, 93 Mo. 367; Hall v. Stephens, 65 Mo. 670; Shumate v. Bailey, 110 Mo. 411; Schorr v. Carter, 120 Mo. 409.] With this object in view, when if ever, did the title to the land vest in the devisee, S. L. Alexander.

The devise to him was undoubtedly on conditions subsequent. As to whether or not they are conditions precedent or subsequent is governed by the intention of the testator at the time of the execution of the will, to be gathered from the whole instrument and the existing facts, which clearly show, we think, that he intended that they should be conditions subsequent.

The conditions for the care and support of the devisee's mother "as long as she shall live," without charging the property with the performance of the conditions, "would seem to be conditions subsequent, because of the implication that the devisee . . . . was to have possession and control of the premises for the purpose of fulfilling the conditions." [Morse v. Hayden, 82 Me. loc. cit. 229.]

In Finlay v. King's Lessee, 3 Pet. loc. cit. 374, Chief Justice MARSHALL announces the rule with respect to estates as conditions precedent and subsequent to be as follows: "There are no technical appropriate words which always de-

termine whether a devise be on a condition precedent or subsequent. The same words have been determined differently; and the question is always a question of intention. If the language of the particular clause, or of the whole will, shows that the act on which the estate depends, must be performed before the estate can vest, the condition is of course precedent; and unless it be performed, the devisee can take nothing. If, on the contrary, the act does not necessarily precede the vesting of the estate, but may accompany or follow it, if this is to be collected from the whole will, the condition is subsequent." [Burnett v. Strong, 26 Miss. 116.]

The conditions being subsequent, it must needs follow that the fee vested in the devisee immediately upon the death of the testator, and that the land descended to the plaintiff Florence on his death, subject to the rights of the devisee's widow therein under our statute, unless by reason of non-performance by him of the conditions of the will an estate to which he was previously entitled was divested. It should not, we think, be held that there was such a non-compliance with the conditions of the will during the lifetime of the devisee as to produce such a result, for the reason that his mother had a competency of her own, did not need support, but voluntarily supported the devisee and his family up to the time of his death, and never at any time requested him to care for and support her, and she must therefore be held to have waived the same as she unquestionably had the right to do.

The conditions imposed upon the devisee to well and faithfully care for and support his mother, were of a personal character. That this was the view of the testator is clear from the provisions of the will, for if it had been otherwise, how easy it would have been for him to have provided in case of the death of the devisee before his mother, for her care and support by some other member of his family, or in

the event of his failure to comply with the covenants that the land should go elsewhere.

But he did not do this, and as by no act or omission of the devisee was his estate in the land divested during his lifetime, unless it was occasioned by his death, it then descended to his child, subject to the statutory rights of his wife, as before stated.

In the case of Burnham v. Burnham, 79 Wis. 557, the testator by his will gave a certain sum to each of his children, and by a codicil thereto, declared that his son D. should not have nor receive any part, parcel, or interest in his estate, real or personal, unless within five years after the testator's decease, he should have reformed and become a sober and respectable citizen, of good moral character, and directed that if he did so reform, his executors should pay over to him one-half of the property bequeathed to him, and if he remained reformed for a further period of five years, pay over to him the other half thereof. D. died within eleven months after the death of his father. It was held that D.'s right in the estate vested in him immediately upon the death of his father, subject only to be divested by his failure to perform the conditions subsequent named in the codicil, which by his death were rendered impossible.

In Merrill v. Emery, 10 Pick. 507, the testator gave to his wife one-half of all the money that he might leave in his house at the time of his death, together with all his family stores at that time on hand, upon the condition, that she would relinquish all her right to dower in his estate, and that she educate and bring up his granddaughter, M. L. R. The wife died seven days after the testator, without expressly waiving the provisions made for her in the will, or claiming dower. It was held, among other things, that the condition to educate the granddaughter was a condition subsequent, and that the legacy vested in the wife and the non-perform-

ance of this condition being occasioned by an act of providence, did not divest the legacy.

In Richards v. Merrill, 13 Pick. 405, the same will was again before the same court for construction, and it was held, Chief Justice Shaw delivering the opinion of the court, that by the terms of the will the obligation imposed upon the testator's widow was one of parental care towards the granddaughter which died with the widow.

Our conclusion is that the fee to the land vested in the devisee under the will immediately upon the death of the testator, that the conditions imposed upon the devisee by the will to "well and faithfully care for and support his mother" were conditions subsequent, which were not broken by him during his lifetime, and from which he was absolved by death.

The judgment is affirmed. *Gantt, P. J.,* and *Sherwood, J.,* concur.