## DELLA TURNEY et al., Appellants, v. ARTHUR L. SPARKS et al., Respondents.

### St. Louis Court of Appeals, April 9, 1901.

1. **Wills, Construction of.** All wills are to be construed according to the true intent of the testator (section 4650, Revised Statutes 1899), to be gathered from the four corners of the instrument.

2. **Real Estate: REMAINDER: FEE: CONTINGENCY.** Real Estate, being of a permanent and indestructible nature, its possession and enjoyment may be vested in one for life, with remainder over to another contingent upon the happening of a certain event, the fee to vest in the life tenant after the possibility of the happening of the event on which the remainder depends is passed.

3. ————: ————: ————: CONSTRUCTION OF WILL IN CASE AT BAR. And in the case at bar, it is clear the testator intended to give his daughter a life estate to the real property, to ripen into an absolute fee, should she give birth to a living child, or should the grandson die without issue during her life.

Appeal from Shelby Circuit Court.—*Hon. Andrew Ellison,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

Omitting caption, the petition is as follows:

"Plaintiffs, for amended petition, leave of court for that purpose being had, state that they are husband and wife, and that defendant, Arthur Lee Sparks, is a minor under the age of twenty-one years.

"That plaintiffs sold and conveyed to the defendant, Elizabeth Mossin, on the ———— day of July, 1897, the following real estate in Shelby county, Missouri, to-wit: Lot number five and seventeen and one-third feet off the west side of lot six in block sixteen in the city of Shelbina, Missouri, for the price and sum of five hundred dollars, promised to be paid by said defendant, Mossin.

"That the deed to the same was executed by plaintiffs, accepted by said defendant and by her filed in the recorder's office of said county, and has been duly placed of record, but plaintiffs have not received the consideration therefor, but the same is in the hands of defendant, John R. Lyell, as a trustee, in accordance with an agreement between plaintiffs and said Elizabeth Mossin, the substance of which agreement is hereinafter set forth.

"That heretofore, to-wit: on the thirtieth day of June, 1893, the above described real estate, among other, belonged to one Pasley Beebe, who on said day duly made his will devising all his real estate in fee, including that above described to his daughter, Della Beebe, who is now Della Turney, and one of the plaintiffs herein. Which said will is in words and figures as follows, to-wit:

"I, Pasley Beebe, of the city of Shelbina, county of Shelby, and State of Missouri, being aware of the uncertainty of life, but being of sound mind and memory, do make and declare this to be my last will and testament in manner following, to-wit:

"All the real estate and household effects of which I may possessed at the time of my death, I hereby bequeath to my beloved daughter, Della Beebe.

"Also, all moneys and other property of which I may be possessed at the time of my death, I hereby bequeath to my daughter, Della Beebe.

"Also, all moneys and other property of which I may be possessed at the time of my death, I hereby bequeath to my daughter, Della Beebe, and I hereby direct that the said Della Beebe shall pay out of the money hereby bequeathed, all debts and lawful claims against my estate, including necessary funeral expenses, and also the sum of four hundred dollars to my grandson, Arthur Lee Sparks, but I hereby direct that this amount shall not be paid until the said Arthur Lee Sparks shall arrive at the age of twenty-one years, and then the amount shall be paid to the said Arthur Lee Sparks, together with all interest that can be secured from the safe loaning of said legacy from the time of my death until the time of payment as above directed.

"At any time, at the pleasure of my daughter, Della Beebe, she may turn the amount over to the public administrator of Shelby county, Missouri, to be cared for and managed by him, and be paid by him, together with all increase from interest to the said Arthur Lee Sparks, when he arrives at the age of twenty-one years.

"I also hereby direct that all money and property hereby bequeathed to my grandson, Arthur Lee Sparks, shall be paid to and be the property of my daughter Della, should the said

Arthur Lee Sparks die without bodily heirs, and all property and money hereby bequeathed to my daughter Della, shall be paid and belong to my grandson, should my daughter Della die without bodily heirs.

"All money and property hereby bequeathed to my grandson, Arthur Lee Sparks, to remain in the care and custody of my daughter Della, or the public administrator of Shelby county, Missouri, until the said Arthur Lee Sparks arrives at the age of twenty-one years, when it shall be paid to him.

"In witness whereof, I hereunto set my hand and seal this thirtieth day of June, A. D. 1893.

PASLEY BEEBE.     (Seal.)

"That said Beebe subsequently died possessed of said real estate, and his will was duly admitted to probate.

"That by reason of a doubtful clause in said will, defendant, Arthur Lee Sparks, claims some interest in said real estate, and defendant Mossin became alarmed about the title in consequence of such claim, and after the execution of said deed by plaintiff conveying said real estate to said Mossin, plaintiffs at her request, and to satisfy her, entered into a contract, by which it was agreed that the consideration to be paid by said Mossin for said real estate, to-wit: the sum of five hundred dollars, should be placed in the hands of defendant, John R. Lyell, to be held by him until the court should determine whether the plaintiffs could convey absolute title in said real estate.

"Plaintiffs say that they have conveyed to said Mossin the absolute fee simple title in said real estate and they are entitled to the sum of five hundred dollars in the hands of defendant John R. Lyell.

"That the defendant, Arthur Lee Sparks, has no right, title or interest or future in said real estate under the will of Pasley Beebe, or otherwise.

"Wherefore, plaintiffs pray judgment that the court order and decree that defendant John R. Lyell, pay over to plaintiff said sum of five hundred dollars, together with all interest that may have accumulated thereon, and for such other judgment and relief as they may be entitled to in the premises.

"W. O. L. JEWETT, Attorney for Plaintiff."

It was admitted that plaintiff Della Turney has no child or children, and with this admission, the cause was submitted to the court on the interpretation of the will as set forth in the petition. The court found that under the terms of the will, plaintiff did not have a fee simple title in the real estate and dismissed the petition. Plaintiff appealed to the Supreme Court from which court the cause was transferred here.

*W. O. L. Jewett & Son* for appellants.

(1) The only question is on the construction of the will, set out in full in the petition. The first clause disposing of property says: "All the real estate and household effects of which I may be possessed at the time of my death, I hereby bequeath to my beloved daughter, Della Beebe." This is an absolute devise and makes an absolute title unless another clause changes it. R. S. 1899, sec. 4646. In the next clause he bequeaths his money and other property to plaintiff charged with the payment of his debts and $400 to defendant Sparks. Now, it is on the interpretation of the next, the third clause, as affecting the first one that this cause depends, which clause reads as follows: "I also hereby direct that all money and property hereby bequeathed to my grandson, Arthur Lee Sparks, shall be paid to and be the property of my daughter, Della, should the said Arthur Lee Sparks die without bodily heir, and all property and money hereby bequeathed to my daughter, Della, shall be paid and belong to my grandson should my daughter, Della, die without bodily heirs." Now

the sole question is, did this clause cut the absolute estate given by the first clause to a contingent life estate.    (2)    The polar star of construction is the testator's intention.    Small v. Fields, 102 Mo. 122.

*G. W. Humphrey* for respondent.

(1) The law is so well settled in this State that the intention of the testator is to be ascertained, not by a word, expression, or clause, but by the whole instrument, that it is hardly necessary to cite any authorities on this point.    Drake v. Crane, 127 Mo. 102; Noe v. Kern, 93 Mo. 367; Long v. Timms, 107 Mo. 512; Schorr v. Carter, 120 Mo. 413.    (2) Appellants' contention seems to be that testator, Beebe, did not intend, by a subsequent clause, to reduce the fee simple estate to a conditional fee.    If this be true we might well ask the question, why was a subsequent clause made at all?    Let us examine these clauses in their order and see if testator's intention can not be clearly ascertained in favor of the judgment of the circuit court.    The first clause reads as follows:    "All the real estate and household effects of which I may be possessed at the time of my death, I hereby bequeath to my beloved daughter, Della Beebe."    There certainly can be no question as to the intention of the testator as in the third clause of his will he specifically says, "and all property and money hereby bequeathed to my daughter, Della, shall be paid and belong to my grandson (Arthur Lee Sparks) should my daughter Della die without bodily heirs."    It is certainly clear, construing these clauses together, that testator intended to leave the larger part of his property to his only living child during her life, and at her death, unless she left bodily heirs, to go to his nearest and only living relative, a son of a deceased daughter, Arthur Lee Sparks.

BLAND, P. J.—All wills are to be construed according to the true intent of the testator (section 4650, Revised Statutes 1899), to be gathered from the four corners of the instrument, as the rule has been often expressed. Drake v. Crane, 127 Mo. 102; Noe v. Kern, 93 Mo. 367; Long v. Timms, 107 Mo. 512; Shoer v. Carter, 120 Mo. 413. But two persons were in the mind of the testator when he made his will, his daughter Della, and his grandson Arthur Lee Sparks. By the first clause of the will, the testator devised to his daughter all of his real estate, absolutely. By the second he willed to her all of his money and personal property, charged with the payment of his debts, funeral expenses and with the payment of a special legacy to his grandson, of four hundred dollars— to be paid to him when he shall attain his majority. The last clause appoints his daughter the executory trustee of this special legacy. The first and second clauses are qualified by the third, which makes the daughter the residuary legatee of the grandson, should he die without bodily heirs, and vice versa, makes the grandson the residuary legatee of the daughter as to both the real and personal property that she took under the will if she shall die without bodily heirs. The personal property willed to the daughter is an absolute gift, charged with payment of debts, etc., hence, it is apparent that as to this property the residuary clause is inoperative. The four-hundred-dollar legacy to the grandson by the terms of the will is to be paid to him when he arrives at the age of twenty-one years. If he shall attain that age and the legacy is paid to him, the residuary clause as to it will be defeated also, regardless of the fact that he might thereafter die without bodily heirs.

But the real estate, being of a permanent and indestructible nature, its possession and enjoyment may be vested in one

for life, with remainder over to another contingent upon the happening of a certain event, the fee to vest in the life tenant after the possibility of the happening of the event on which the remainder depends is passed. We think it is clear the testator intended to give his daughter a life estate to the real property to ripen into an absolute fee, should she give birth to a living child, or should the grandson die without issue during her life. Ringquist v. Young, 112 Mo. 33. The judgment is affirmed. All concur.