CHARLES JACOBSMEYER, JR., et al., Plaintiff, Appellants, v. FRITZ JACOBSMEYER et al., Defendants, Appellants.

**St. Louis Court of Appeals, March 26, 1901.**

1. **Contract: SUPPORT OF PARENTS BY TWO SONS: EQUALLY RESPONSIBLE: CONTRIBUTION TO COMPEL SAME.** Under the contract, both sons were equally bound to care for and support their parents, and as one of them, in compliance with the contract, cared for and supported them out of his own means, the other should, by the equitable principle of contribution, be compelled to furnish his aliquot part of the means of such care and support.

2. ——: ——: ——: ——: MORTGAGE, SATISFIED, SUBROGATION UNDER IT DESTROYED. Massmann, the grantee of Fritz Jacobsmeyer, paid off the mortgage on the land and afterwards sold same to Brehe by warranty deed, free of all incumbrance. The payment of the mortgage operated as a complete extinguishment of it, and there could be no subrogation on account of it, in favor of the mortgagee; hence, the decree of the lower court subrogating Charles Jacobsmeyer, Jr., to the rights of his brother, Fritz Jacobsmeyer, mortgagee, under the mortgage after its extinguishment, thereby fixing a lien on the land in the hands of Brehe, was erroneous.

Appeal from Franklin Circuit Court.—*Hon. Rudolph Hirzel,* Judge.

REVERSED AND REMANDED *(with directions).*

STATEMENT OF THE CASE.

This is a suit in equity by Charles Jacobsmeyer, Sr., and Charles Jacobsmeyer, Jr., against Fritz Jacobsmeyer and

Henry Brehe.    The petition alleges in substance that on or about the twenty-fifth of February, 1882, said Charles Jacobsmeyer, Sr., was the owner in fee simple of one hundred and fifty-three and ninety-eight one-hundredths acres of land in Franklin county, Missouri, which he and his wife, by joint deed, conveyed on said date to plaintiff, Charles Jacobsmeyer, Jr., and defendant, Fritz Jacobsmeyer, for the consideration evidenced by a separate contract, under seal, executed by the grantees to the grantors, that the said Charles Jacobsmeyer, Jr., and Fritz Jacobsmeyer, would thereafter, during the separate life of their said parents, furnish them, and either surviving the other, with comfortable house-room, bedding, shelter, clothing and food, and in all respects treat said parents and the survivor of them as good and dutiful children ought to treat their parents, and providing further in said contract that the due performance of the agreements therein expressed should be secured by a charge and incumbrance on said real estate therein described, which had been conveyed to them by their parents.    The petition further alleges that the said children entered upon the land so conveyed to them by their parents and performed their obligations under their aforesaid contract until September, 1890, at which time their mother died; that on said date Charles Jacobsmeyer, Jr., and Fritz Jacobsmeyer, by deeds of partition, conveyed to each other in severalty one-half of the aforesaid real estate which they had received from their parents; that thereafter the said Fritz Jacobsmeyer conveyed by a quitclaim deed a portion of the land allotted to him in the amicable partition with his brother, to one Charles Massmann, and thereafter, in 1897, said Massmann executed and delivered to defendant Henry Brehe a conveyance in fee simple of the tract of land which he had acquired from Fritz Jacobsmeyer; that defendant Henry Brehe acquired such title with knowledge of all and singular

of the facts and things heretofore alleged relating to deed from the parents of Charles Jacobsmeyer, Jr., and Fritz Jacobsmeyer, and the subsequent contract and agreement by the latter charging the land with a lien for the enforcement of the obligations assumed by them.    The petition further states that since the making of said partition by the two brothers, Fritz Jacobsmeyer has only furnished one suit of clothes, of the value of seven dollars and one-half, for the use of his surviving parent, Charles Jacobsmeyer, Sr., and with this exception has failed and neglected to comply with the agreement made and assumed jointly with plaintiff Charles Jacobsmeyer, Jr., as the consideration of the joint conveyance to them by their parents in the first instance; that said Charles Jacobsmeyer, Jr., has cared for and supported his father and in all respects performed the obligations assumed by himself and his brother in their aforesaid contract, which contract in addition to the other stipulations therein contained, also provided for the payment of five hundred dollars in default of its performance to both or either of the parents who might be alive at the time of such breach; that the plaintiff, Charles Jacobsmeyer, has in all respects, without the aid of his brother Fritz Jacobsmeyer, except as before stated, performed all the obligations imposed by their joint contract and thus protected the title conveyed by the deed to them and has demanded contribution for the services rendered by him for the benefit of the estate conveyed to himself and his brother, and in so doing was put to the expense of one thousand dollars, no part of which has been repaid to him by his brother.    The petition further prays for a decree for one-half of that sum against the defendant Fritz Jacobsmeyer, and for the fixing of a lien therefor on the portion of the land allotted to the defendant Fritz Jacobsmeyer in the partition of the joint estate, and which was subsequently conveyed to defendant Brehe and for general relief.

Jacobsmeyer v. Jacobsmeyer.

The answer admitted the joint conveyance to them by the parents of Charles Jacobsmeyer, Jr., and Fritz Jacobsmeyer; admits that the grantees at once took possession of the real estate and that their mother died prior to September, 1890, at which time the same was partitioned between them; admits the joint contract executed by the sons, evidencing the consideration of the grant to them by their parents and the obligations which they had assumed therefor; admits that Fritz Jacobsmeyer furnished the suit of clothes mentioned in the petition, denies its other allegations and sets up as a defense for the failure of said Fritz Jacobsmeyer to contribute to the support of his surviving parent, that the latter voluntarily and without just cause or excuse refused to abide at the home provided by said Fritz Jacobsmeyer, wherefore, under a provision applicable to such an event in the aforesaid contract for support, no further obligation was imposed on said Fritz Jacobsmeyer, and the land theretofore deeded him became disincumbered of any lien in favor of his parents or either of them. It further averred a tender of performance on the part of said Fritz Jacobsmeyer of the obligations assumed by him as one of the grantees and a refusal by his father to accept such tender. The answer for a further defense, set up that the estate conveyed to their children by said Charles Jacobsmeyer, Sr., and wife, was at the time incumbered by a deed of trust in favor of a third party, for $3,854.52, of which there remained due at the time of the partition between the two brothers, the sum of $3,200; that by an arrangement then made by them with the owner of said debt, the same was equally divided and new notes were given for one-half thereof, by Charles Jacobsmeyer, Jr., and Fritz Jacobsmeyer, which notes were secured by deeds of trust upon the respective portions of the land allotted to each in the partition between themselves; that thereupon, the beneficiary in the original deed of trust surrendered

the notes evidencing the debt thereby secured, and satisfied the same of record on the fourth day of September, 1890; that thereafter, the said Fritz Jacobsmeyer and wife conveyed the tract held in severalty to one Charles Massmann, who subsequently, by deed of himself and wife, conveyed the same to defendant Henry Brehe; that prior to the latter conveyance the said Massmann paid off and discharged the deed of trust executed by Fritz Jacobsmeyer, and satisfaction of the same was also made of record on the fourth of January, 1898. Wherefore, the answer prays that the defendant Brehe be subrogated to all the right of priority of the beneficiary of the deed of trust which was discharged by his grantor, Massmann, and prayed for an account of the amount so paid and that it be declared a prior incumbrance on the real estate sought to be charged by plaintiff, and for general relief.

The replication was a general denial. Upon the hearing, the court rendered a decree in favor of Charles Jacobsmeyer, Jr., against defendant Fritz Jacobsmeyer, for the sum of five hundred dollars, and decreed the same to be a special lien and charge upon the land allotted to Fritz Jacobsmeyer in the partition between the two brothers and now owned by defendant Brehe, subject, however, to a prior lien in favor of Brehe for the amount of $1,780.88, being the sum paid by his grantor in satisfaction of the separate mortgage executed by Fritz Jacobsmeyer upon said tract of land, and dismissed the bill as to Charles Jacobsmeyer, Sr. Both parties appealed. Since the pendency of the cause in this court, Charles Jacobsmeyer, Sr., has died and the same has been revived in the name of his administrator.

*J. C. Kiskaddon* for defendants.

(1)   Acknowledgment of satisfaction may be explained

and rendered inoperative to discharge the mortgage. Joerdan v. Schrimpf, 77 Mo. 383; Smith v. Dinsmoor, 119 Ill. 656; Flower v. Ellwood, 66 Ill. 438; Burns v. Thayer, 101 Mass. 426; Young v. Morgan, 89 Ill. 199; Matzen v. Schaeffer, 65 Cal. 81; Lee v. Clark, 89 Mo. 553. (2) The case of Lawson v. Gudgell, 45 Mo. 480, is cited by plaintiffs as authority for the proposition that "the proceedings of the owner of the original incumbrance and of the parties who so assumed its payment, constituted a payment of the debt, and an extinguishment of the original incumbrance." This is stating the case too broadly. The case is not analogous to the one at bar. Besides, the case is ill-considered, cites no authority for the position taken, has never been cited as an authority in any other case, and its broad, unqualified statement of the question decided is contrary to a long line of decisions of the appellate courts of this State. Howard v. Shirley, 75 Mo. App. 150; Black v. Dorman, 51 Mo. 31; Wiles v. Robinson, 80 Mo. 47; Montgomery Co. v. Auchley, 103 Mo. 492; Reyburn v. Mitchell, 106 Mo. 365; Johnson v. Scott, 34 Mo. 129; Appleton v. Kennon, 19 Mo. 637; Hughes v. Isreal, 73 Mo. 538.

*C. F. Gallenkamp* and *John W. Booth* for plaintiffs.

(1) The fact that a part of the consideration of a conveyance is an assumption of payment of an existing incumbrance on the land, does not require for its establishment, testimony of an express assumption of the debt. It may be inferred from facts and circumstances. Bensieck v. Cook, 110 Mo. 173; Lawson v. Gudgel, 45 Mo. 480. (2) The sons, Fritz and Charles, on so assuming payment became, in equity, bound for the payment of the debt as principals; and in equity Charles, Sr., became, as to them, a surety for the payment of their debt. (3) These proceedings, of the owner of the orig-

inal incumbrance and of the parties who so assumed its payment, constituted a payment of the debt, and an extinguishment of the original incumbrance (Lawson v. Gudgel, 45 Mo. 480.), and the liens reserved to Charles, Sr., in and by said instrument of date March 22, 1882, thereupon took priority over the liens given in and by the trust conveyances made by Charles, Jr., and Fritz, for the payment of their notes to Hoffmann. Sharp v. Collins, 74 Mo. 266. (4) Payment of an incumbrance by one who has assumed its payment extinguishes the debt; and the grantee so paying can not be subrogated to the rights of the mortgagee, and keep the debt alive for any purpose. Nelson v. Brown, 140 Mo. 580, loc. cit. 589. (5) This is but an application of the same principle on which one of two joint tenants, purchasing a superior title, is not allowed to hold it adversely to his co-tenant, if the co-tenant will pay to him his share of the cost of such purchase. Washburne on R. P. (3 Ed.), *430, p. 588. (6) Contribution lies between tenants in common for all charges and expenditures incurred for the common benefit. 1 Story's Eq. (10 Ed.), sec. 505. (7) And they are entitled to a lien on the estate of the co-tenant for disbursements made for the benefit of the estate. 2 Story's Eq. (10 Ed.), sec. 1234; Holloway v. Holloway, 99 Mo. 628; Snell v. Harrison, 131 Mo. 495; Weare v. Van Meter, 42 Iowa 128; Allen v. People, 54 Miss. 323; Wilton v. Tazwell, 86 Ill. 29. These obligations and their attendant rights are not disturbed by a partition of the lands. 1 Story's Eq. (10 Ed.), sec. 477.

BOND, J.—The contract for support upon which this suit is based, obligates the two sons, in consideration of the grant from their parents, to support and comfort their parents during their future lives by rendering them shelter, clothing, food and dutiful behavior. It is also stipulated that failure to render these

Jacobsmeyer v. Jacobsmeyer.

services or harsh and undutiful treatment, causing the parents to leave the home or homes of the two sons, should obligate the latter to pay five hundred dollars to each of the parents, or the survivor of them. The contract further provided that its benefits should be lost to the parents if they, or the survivor of them, "without just cause or excuse" should leave the home or house provided for them by their sons. The learned circuit judge found, and in this he was borne out by the preponderance of the evidence, that nothing was done by the surviving parent, Charles Jacobsmeyer, Sr., to absolve either of his sons from the full performance of the obligations which they had assumed in the contract with their parents. We must, therefore, overrule the point made by appellant that Fritz Jacobsmeyer was released from his obligation to contribute to the support of his father from 1890 until the date of this decree, by the mere fact that during all of said period his father had resided constantly at the home of Charles Jacobsmeyer, Jr., where he resided at the time he and his wife conveyed their property to their children, and had declined the invitation of said Fritz to reside with him.

The contract in question did not impose on Charles Jacobsmeyer, Sr., the duty of changing his residence in order to realize its benefits. It was the plain duty of the two sons to contribute fully to his support and comfort, whether he lived with the one or the other. At the time of this trial, Charles Jacobsmeyer, Sr., was eighty-seven years of age. He had lost one of his arms since the grant of his estate to his children. The record shows he was comfortably and tenderly cared for by the one with whom he continued to reside. It also shows that the other had no home to which the father could have been taken until 1892, and, even thereafter, that it afforded scant accommodation, since Fritz Jacobsmeyer married in 1893 and his house then consisted of only two rooms and an up-stairs or loft.

Nor do we gather from the record that the invitation to his father to live with him was prompted by filial instinct or affection, if, indeed, it was not made the few times (about six), which defendant Fritz Jacobsmeyer testified, to furnish a pretext or excuse for his non-compliance with the obligations of his contract and natural duty.

It follows that Charles Jacobsmeyer, Jr., was entitled to contribution from his brother, Fritz Jacobsmeyer, as co-tenant of the land conveyed to them by their parents, for the expenditures solely made by him in discharging the lien created upon said estate by their joint act and in furnishing the consideration for which it was conveyed. It was admitted that twelve dollars per month was a reasonable charge for the support and sustenance of his father while at the home of Charles Jacobsmeyer, Jr. He was, therefore, entitled to a decree for one-half of the sum which would be due at this rate for the number of months for which he performed the contracted duties of the two towards their father.

II. The only remaining question is the correctness of the decree of the court in subordinating this right of contribution to a lien upon the land in the hands of defendant Brehe, to the claim of the latter as grantee of Massmann for a priority to the extent of a payment made by Massmann in satisfaction of a note and deed of trust given by Fritz Jacobsmeyer upon the tract allotted to him. Both the deed of the parents to their sons, and the counter-contract by the latter creating a lien on the land conveyed to them to secure its consideration, were duly recorded. The circumstances indubitably point to the conclusion that the sons assumed the payment of the mortgage based upon the tract of land conveyed to them by their father. After a division of the land between themselves, they gave their separate notes for one-half of the amount of the previous mortgage then due, securing these notes by separate deeds of trust on the

respective portions of the land allotted to them in severalty. Thereupon, the beneficiary of the original mortgage satisfied the mortgage itself by entry on the margin of the record. The separate note and mortgage given by Fritz Jacobsmeyer as his part of these transactions was subsequently assumed by his grantee, Massmann, as a part of the purchase money under the quitclaim deed to him from Fritz Jacobsmeyer. Massmann subsequently conveyed by general warranty to defendant Henry Brehe. Under this state of facts, neither Massmann nor his assignee Brehe, could become subrogated to the rights of the mortgage which was paid in full by Massmann, and who thereupon had also executed a release of his mortgage and a surrender of the note it was given to secure. In speaking of the principle applicable to this state of facts, it is said by our Supreme Court: "Payment, therefore, by a grantee who has assumed the entire mortgage debt completely extinguishes the mortgage; he can not be subrogated to the rights of the mortgagee and keep the mortgage alive for any purpose." Nelson v. Brown, 140 Mo. loc. cit. 589. As these several mortgages preceding the title acquired by defendant Brehe were paid off in each instance by the person or persons who had *assumed* their payment, none of them were kept alive thereafter, and hence, could not become the basis of a subrogation in favor of defendant Brehe. Moreover, defendant Brehe, although the grantee under a deed purporting to convey in fee, could in *this instance* acquire no higher title than his grantor, Massmann, since the contract, evidencing the lien vested in the parents to secure the performance of the obligations of their grantees, was recorded, and hence, being a conveyance of the remote grantor of Brehe, and one properly of record, charged him with notice of its existence and contents and subjected his rights as a purchaser thereto. On this subject our Supreme Court has said: "A purchaser of land is charged with constructive notice of everything contained or

recited in the recorded deeds which lie in and constitute the chain of title under which he holds." McDonald v. Quick, 139 Mo. loc. cit. 498, and cases cited. That the contract of the sons, expressive of the consideration of the deed to them and creating a lien on the land acquired by them to secure the performance of the consideration, is one proper for record, is apparent from the language of the statute authorizing the recording of conveyances of land "or any interest therein," "or when any real estate may be affected." R. S. 1899, sec. 923-924.

The decree of the learned trial judge in this cause, not being in conformity to the foregoing views, it is hereby reversed and the cause remanded with directions to enter a decree in accordance with this opinion. All concur.