VAILE et al., Appellants, v. SPRAGUE et al.

**Division Two, February 1, 1904.**

Guardian Ad Litem: FOR INFANT PLAINTIFFS. The circuit court
has the power, as a power incident to the court, to appoint a
guardian *ad litem* for infant plaintiffs who have been brought
in by *scire facias*, in a statutory will contest.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*S. W. Hilt* and *C. C. Madison* for appellants.

(1)  A party becomes a plaintiff only by his own
choice and consent and there is no right or procedure
known to the law by which a party may be forced into
a suit as a plaintiff. R. S. 1899, sec. 544; Kirschman v.
Scott, 166 Mo. 214.    (2)  Suits by infants may be commenced and prosecuted by general guardian or curator,
but not by guardian *ad litem*. A guardian *ad litem* is
properly appointed only in cases where the infant is defendant and has been served with process. R. S. 1899,
secs. 550, 559, 560.    (3)  A next friend may be appointed in court where suit is intended to be brought in
behalf of an infant and upon written petition of such infant, if over fourteen years of age, or, if under that age,
upon like petition of a relative or friend, in which case
notice thereof must first be given to the person with
whom the infant resides. R. S. 1899, secs. 550, 551, 552,
553.    (4)  The guardian *ad litem,* if there was one,
could not waive any right or admit anything. Collins v.
Trotter, 81 Mo. 275; Revely v. Skinner, 33 Mo. 98.

*Warner, Dean, McLeod & Holden, Carey May Carroll* and *Paxton & Rose* for respondents.

(1) Plaintiffs were not entitled to a continuance on oral application without affidavit, nor because they had failed to bring in certain legatees, they already having had two years so to do. Kischman v. Scott, 166 Mo. 225; R. S. 1899, sec. 684. (2) Article 2, chapter 8, Revised Statutes 1899, only applies to suits which are brought in the first place by infants. When a suit already brought is revived because one of the plaintiffs has died, article 8, chapter 8 applies. (3) When a plaintiff dies his heirs can be brought in as plaintiffs. R. S. 1899, secs. 758, 760. (4) The court had power to appoint a guardian *ad litem* or a next friend for the infant plaintiffs; and where occasion arose to appoint a next friend, it was proper for the court to do so at the request of the defendants. Rogers v. Wolfe, 104 Mo. 13. (5) No oral objection was good as to any irregularity, if any, in appointment of next friend. Such objection should have been by a written reply. Rogers v. Marsh, 73 Mo. 70; Clowers v. Railroad, 21 Mo. App. 216; Ellingson v. Railroad, 60 Mo. App. 679; R. S. 1899, secs. 598, 602, 609. (6) The nephew, J. J. Vaile, did not die before his uncle, H. M. Vaile, but afterward, so that these minors were heirs of the nephew, not of the uncle. (7) Several legatees under the will were not made parties to the suit. The statute of limitations now bars any action against them, and, as the will can not be set aside in part, plaintiffs by their laches have put themselves in a position where they can never break the will, so that it would be useless to remand the case. Wells v. Wells, 144 Mo. 198. (8) Plaintiffs, even if all their claims were conceded, have shown no error which injured any one, and hence, under our statute, the case ought not to be reversed.

BURGESS, J.—This is a statutory contest of the will of Harvey M. Vaile, deceased, who died on the 4th day of June, 1894. The suit was begun by heirs of the testator against the legatees and devisees under the will, on June 5, 1899.

One of the original plaintiffs, namely, J. J. Vaile, died in Jackson county, Missouri, on April 16, 1901, leaving as his heirs at law five minor children, viz., Ann, Mary, Andrew R., John J., Harriet L., and Thomas S. Vaile, and his widow, Ella Vaile.

On the 20th day of April, 1901, defendants, Olivia Sprague and Flora C. Willsed, filed written suggestion of the death of plaintiff J. J. Vaile, and asked that the cause be continued in the names of his widow and children, and that the process of the court issue to bring said parties in for the June term, 1901, of said court. In pursuance of said order there was thereafter on the 30th day of April, 1901, duly issued by the clerk of the circuit court of said county a *scire facias* against said heirs and widow, requiring them to appear at the next June term of said court to be begun and held on the first Monday in said month, and to show cause, if any they had, against the revival of said suit. This process was duly served by personal service upon each of the parties named therein on the 14th day of May, 1901, by the sheriff of said county; and as they failed to show cause against the revivor during the first four days, the court appointed Jesse J. Vineyard guardian *ad litem* for these infant plaintiffs, and also appointed him as their next friend. He filed an endorsement of the petition of the other plaintiffs. Plaintiffs' attorney made an oral application for a continuance, without any affidavit, on the ground that certain beneficiaries under the will, viz., the children of Mrs. Sarah E. Brooks, of Horseheads, New York, were not made parties, alleging that they had not learned of the whereabouts of these parties till 8:30 a. m. on June 9, 1901. They also made oral objection to the appointment of Mr. Vineyard, because none of the

friends or relatives of these children had come forward and asked to be appointed.

The case was tried and the jury found in favor of the will. Plaintiffs appealed on two technical points alone, that the court failed to grant a continuance on such oral application for the cause stated, and that the court failed to sustain their oral objection to the appointment of Mr. Vineyard. No pretense is made that there was any injury to the minors or any one else.

Plaintiffs complain of the action of the court in appointing Vineyard guardian *ad litem* and next friend of the infant children and heirs of J. J. Vaile, deceased, who thereafter,. in his capacity as next friend, adopted the petition of the other plaintiffs herein as their petition upon which the case was thereafter prosecuted.

While under our statute (secs. 550, 559, 560, R. S. 1899), suits may be begun and prosecuted by infants by general guardian or curator, or by next friend duly appointed for the purpose, we have no statute authorizing the appointment of a guardian *ad litem* for an infant plaintiff. And unless the power to appoint such a guardian or the power to appoint a next friend was incident to the court, or if irregular the irregularity was waived, the order appointing Vineyard guardian *ad litem* and next friend was void.

"A guardian *ad litem* has been defined to be a person appointed by a court of justice to prosecute or defend for an infant, in any suit to which he may be a party." [10 Ency. Pleading and Practice, 616; 2 Stephen's Com., 343; Black's Law Dic., Title, "Guardian Ad Litem."]

It is said in Garvin's Admr. v. Williams, 50 Mo. 206, "proceedings in reference to the establishment or invalidating of a will stand on a different foundation from ordinary actions at law or causes of action. They are of the nature of a proceeding *in rem,* and simply amount to a revival of the same matter in the circuit court which has been previously had in the county court.

The same legal rules that govern the investigation in the county court apply in the circuit court. The heirs at law and devisees are made nominal parties, but in truth the proceeding is *ex parte* and all are competent witness. [See Dickey v. Malechi, 6 Mo. 177.]"

"Although this is technically a proceeding at law, yet in many respects it partakes of the nature of a proceeding in chancery; and the rules recognized in courts of equity, with respect to the persons necessary to be made parties to a bill, we think, is to a great extent applicable to a case of this kind. The general rule in equity is that all persons should be made parties to a bill who are materially interested, either legally or beneficially, in the subject-matter of the suit. The general rule at law is more restricted, confining it to such as have a direct and immediate interest. Story, in his Commentaries on Equity Pleadings, p. 74, refers to this rule as necessary to enable the court to make a complete decree between the parties and prevent future litigation, by taking away the necessity of a multiplicity of suits, and to make it certain that no injustice is done either to the parties before it or to others who are interested in the subject-matter, by a decree which might otherwise be grounded upon a partial view of the real merits." [Eddie v. Parke's Extr., 31 Mo. 513.]

The infants being necessary parties to the proceedings, when brought in by *scire facias,* they become as it were wards of the court who is said by Mr. Story in his work in Equity, sec. 1352, to be a person who is under a guardian appointed by such court and this includes guardians *ad litem,* which every court has the power to appoint. [2 Kent. 229.] And when a suit is instituted in a court of chancery relative to the person or property of an infant, though he may not be under any general guardian appointed by the court, he is treated as the ward of the court, and as being under its especial cognizance and protection.

The authorities hold that there is no substantial dif-

ference between a guardian *ad litem* and a *prochein ami*. The former denomination is usually applied when the representation is for an infant defendant, and the latter where it is for an infant plaintiff. But in either event the person who represents the infant is regarded as an officer of the court.

In Sharp, Admr., v. Findley, 59 Ga. 722, the devisees of one Coleman G. Goodwyn, filed what purported to be a bill in the circuit court in which they prayed the chancellor to grant to them a decree directing a sale of the lands of the testator. One Pye, who was administrator of the estate and guardian *ad litem* for three of the heirs who were minors, was a party to the suit in his respective capacities of administrator and guardian *ad litem*. Judge BLECKLEY, speaking for the court, said:

"It would seem from the authorities that there is no substantial difference between a *prochein ami* and a guardian *ad litem*. The former denomination is usually applied when the representation is for an infant plaintiff, and the latter when it is for an infant defendant. But in either case, the representative of the infant is regarded as an officer of court. [Story's Eq. Pl., secs. 57, 58, note 2; 1 Am. L. C., 263 to 267; 7 M. & W. 400; 13 Ib. 640.] In 2 Edw. Ch. R. 113, one who was both a joint owner of the property and a creditor of the infant was allowed to act, he being a person of excellent character. Is there any real incompatibility between the office of administrator and that of guardian for the legatees or devisees? When the court appointed the administrator guardian *ad litem* for the minors, was he not thereby commissioned as guardian for the conduct of that proceeding, and did he not thenceforth act in the double character of party and officer of the court?"

Moreover the authority of the circuit court to appoint a guardian *ad litem* for an infant plaintiff during term time was recognized by this court in Colvin v. Hauenstein, 110 Mo. 575.

But, however irregular the proceeding in respect
to the appointment of Vineyard guardian *ad litem* and
next friend of said infants may have been, are plaintiffs
in a position to avail themselves of it? The infants
prosecute this appeal in this court just as the suit was
prosecuted in the circuit court, that is, by their next
friend Vineyard, which would seem to be inconsistent
with the idea that such appointment was void. If they
could not prosecute it in the court below by Vineyard
as guardian *ad litem*, or next friend, it is inconceivable
how they can prosecute this appeal in that way. The
minors were brought into court by *scire facias* duly
served, upon which the then plaintiffs had the right to
make them parties defendant had they seen proper to
do so, but instead, upon motion of defendants the court
appointed a guardian *ad litem* and next friend for them,
who made them co-plaintiffs, and certainly defendants
are in no condition to complain of the irregularity of
the proceedings in this regard, even if irregular.
[Harper v. Morse, 114 Mo. 317; Johnson-Brinkman Co.
v. Bank, 116 Mo. 558; Dice v. Hamilton, 178 Mo. 81.]
Nor should plaintiffs be heard, under the circumstances
disclosed by the record, to do so.

The provisions of the statute referred to were not,
we think, intended to deprive courts when proceeding
*in rem*, or when in the exercise of chancery powers, of
such powers as are incidental to such courts.

It would, therefore, seem, in the absence of statu-
tory enactment to the contrary, that the action of the
court in having brought in as necessary parties plain-
tiff to this proceeding said minor infants, may be jus-
tified upon the ground that it was the proper exercise
by the court of its incidental power, which, as has been
said, is incidental to all courts.

After the infants were brought in by *scire facias*
and a guardian *ad litem* had been appointed for them
they adopted, or rather their guardian *ad litem* did for

them, the petition of the co-plaintiffs, and their rights were duly protected.

It is clear from the record that they were not in any way prejudiced, and that they suffered no injury whatever by the procedure adopted, and under such circumstances we are forbidden by statute from reversing the judgment. [Sec. 865, R. S. 1899.]

The judgment should be affirmed. It is so ordered. All of this Division concur.