LOUISA WOOD, Respondent, v. VIOLA OGDEN et al., Appellants.

Kansas City Court of Appeals, November 5, 1906.

WILLS: Construction: Maintenance of Testator's Wife: Charge on Real Estate. A will bequeathing to a son real estate upon consideration that he maintain the testator's wife during her life does not create a charge upon the land devised; and the obligation ceases with the death of the devisee whose heirs take a fee simple title, freed from obligation either *in rem* or *in personam*, though the writer of the opinion personally adopts the view that it creates a charge upon the land and the devisee, but follows Alexander v. Alexander, 156 Mo. 413.

Appeal from Moniteau Circuit Court.—*Hon. James E. Hazell*, Judge.

REVERSED.

*R. M. Embry*, for Viola and J. W. Ogden, and Guardian *ad litem* of John B. Wood, a minor.

(1) If the estate taken under the will is a conditional estate, then non-performance of the condition, if it is a condition subsequent, does not divest the estate. Weinrich v. Weinrich, 18 Mo. App. 364; Ellis v. Kyger, 90 Mo. 600; O'Brien v. Wagner, 94 Mo. 93; Ruddick v. Railroad, 116 Mo. 25. (2) The words on condition, provided, etc., are not sufficient to limit the estate. Stillwell v. Railroad, 39 Mo. App. 221. (3) If performance of condition is not expressly imposed upon the heirs its breach will not work forfeiture, or if the performance of the condition is impossible. Tiedeman on Real Property (Enlarged Ed.), secs. 273, 274; Jarman on Wills, 521, note 10; Hoselton v. Hoselton, 166 Mo. 185. (4) The requirement for support is not a charge that will run with the land. Dickey v. Railroad, 122 Mo. 223; Jones v. Railroad, 79 Mo. 92.

*Edmund Burke* and *John Cosgrove* for respondent.

(1) The devise of the land by John Wood to his son, B. Wood, in consideration of the support and maintenance of the plaintiff, was a valid arrangement, especially when accepted by B. Wood, the devisee. Taylor v. ~~Goodrich~~, 193 Mo. 300; Puttizzarra v. Rippert, 83 Iowa 497, 50 N. W. 19; 6 Am. and Eng. Ency. Law (2 Ed.), 719, 721; Cornelius v. Smith, 55 Mo. 528. (2) The devise to John B. Wood, known as B. Wood, vested in him the title to the land, charged with the reasonable cost of supporting and maintaining his mother. Cornelius v. Smith, 55 Mo. 528; 15 Am. and Eng. Ency. Law

(1 Ed.), 802, 803.   (3)   The defendants, Viola Ogden and her husband, accepted the conditions mentioned in the will of John Wood, when they entered upon and occupied the real estate and thereby became in equity and good conscience, bound to pay the reasonable cost of maintaining and supporting the plaintiff.   Their acts were of the same force as if there were so much rent reserved.   Latta v. Weiss, 131 Mo. 230.

JOHNSON, J.—This is an action in equity to enforce a provision in the will of John Wood, deceased, by which in consideration of the devise of certain lands to John B. Wood, son of the testator, the said devisee was required to support and maintain plaintiff during her natural life.   It is conceded that the testator died October 13, 1888, and that his son entered into the possession of the land devised and enjoyed the same until his death, which occurred June 5, 1889.   He left surviving him, his widow Viola (the defendant Viola Ogden), who in September following gave birth to a posthumous son (the minor defendant John B. Wood).   In 1892, Viola intermarried with the defendant J. W. Ogden and since that date the land has been occupied continuously by the Ogdens and the infant defendant.   Plaintiff is the widow of John Wood, the testator.   During the interim between the deaths of father and son, she made her home with the latter and was supported by him.   After his death she lived on the farm with his widow until the spring of 1890, when she left the place and lived with an unmarried son for whom she kept house.   The defendant, Viola, neither before nor since her marriage with her present husband denied plaintiff's right to live on the farm with her nor is it intimated that plaintiff was actuated in her choice of homes by any unkind or unwelcome treatment at the hands of the adult defendants or either of them.   The only reason she had for leaving was her preference to live with her own children.   And further it appears that before the bringing

of this suit plaintiff made no request of defendants either to permit her to live with them on the farm or to pay the cost of her maintenance while living elsewhere.

The object of plaintiff's action, as stated in the petition, is to recover a personal judgment against the adult defendants for the amount of the reasonable value of her maintenance since the death of her husband and that such judgment be treated and enforced as a charge against the land. The suit was brought on June 12, 1902, was tried May 7, 1903, and judgment was entered in favor of plaintiff. The court gave her a personal judgment against the two Ogdens in the sum of $300 for the cost of her maintenance to the filing of the petition and one dollar per week thereafter and decreed the whole sum to be a lien on the land devised. Defendants appealed.

The provision of the will of John Wood material to this inquiry is contained in the seventh clause thereof, which is as follows:

"I will, bequeath and devise to my son B. Wood (John B. Wood) the forty-acre tract of land on which I now live, upon consideration that he support and maintain my wife Louisa Wood during her natural lifetime."

To sustain the judgment requires the holding not only that John B. Wood in accepting the devise of the farm became personally bound to maintain his mother during her natural life, but that her maintenance became a charge on the land, so that although the fee title thereto vested in the devisee immediately on the death of the testator, it was burdened with a trust that would remain until its purpose had been accomplished and that while in the event of the death of the devisee before that of the beneficiary of the trust, the legal title to the land would descend to his legal heirs, their acceptance thereof would constitute an acceptance of the burden it carried and make them personally liable for the perform-

ance of the duty imposed. Opposed to this theory is the view that the devise to the son vested in him the fee title immediately on the death of the testator and that the provision for the maintenance of the widow was in the nature of a condition subsequent and as such became a purely personal obligation of the devisee and in no sense imposed any limitation on the estate devised, which on the death of the devisee would descend to his heirs unimpaired and unburdened of any charge.

The most important object to be attained in actions involving the construction of testamentary provisions is the ascertainment and enforcement of the intention of the testator, and speaking for myself, I find no difficulty in reaching the conclusion that the testator evidently intended, as the language employed expressly says, to provide maintenance for his widow during her natural life and not to leave her unprovided for in her old age, should her son's demise precede her own. That this purpose could be effectuated only by making the condition a charge on the land is obvious since the personal undertaking of the devisee resulting from the acceptance of the devise necessarily would cease at his death and would not devolve on his heirs by the descent to them of an unburdened title in fee to the land. Intending to provide maintenance for his widow during her whole lifetime by coupling the condition for her support with a specific devise, can there be any doubt that the intestate intended the land itself should be a guaranty for the performance of that condition? To say otherwise does violence to common sense and casts a reflection on the humanity of the testator, which the will itself as well as every fact and circumstance demonstrates to be wholly undeserved. If the testator considered the possibility of his widow surviving the devisee for what purpose would he provide for her support during the lifetime of the devisee and then make her an object of charity for the remainder of her life? Very likely he enter-

tained no thought when he made the will that his wife who was then quite old (she is now eighty years of age) would survive her son, but in either case it is altogether unreasonable to say he intended to turn her adrift under any circumstances, and as this under the provision made could be obviated only by construing the condition for her support as a charge against the land devised such construction must have been within the intention of the testator.

There is no inconsistency in the view that a charge of this character my attach to the land devised and also create a personal obligation on the part of the devisee. As Judge STORY observed in the case of Sands v. Champlin, 1 Story 376: "It by no means follows, in cases of this sort, that because the charge is on the real estate it is so exclusively; for it may be a charge on the real estate and also on the person of the devisee in respect of the devise . . . charges are always treated as charges *in rem* as well as *in personam* unless the testator uses some other language which limits, restrains or repels that construction."

The rule I think should apply to cases of this character, is aptly expressed in this paragraph in 30 Am. and Eng. Ency. of Law, p. 798: "A condition for the benefit of a person without any expressed intention that its breach shall work a forfeiture of the estate should be regarded as creating a trust or charge upon the land in such person's favor, to be enforced as other trusts and charges and not as a limitation upon the estate devised." (See authorities cited under note 2.)

But we are not at liberty to give effect to the views expressed and must hold that plaintiff is not entitled to maintain this action. In Alexander v. Alexander, 156 Mo. 413, the Supreme Court in construing a similar provision held that the condition imposed upon the devisee being a condition subsequent was of a personal charac-

ter constituted no charge or lien against real estate devised and that the obligation ceased with the death of the devisee whose heirs took the fee simple title free of obligation either *in rem* or *in personam*. We refer to the opinion in that case for the reasons advanced in support of the conclusion reached and applying the principles announced to the present case must hold that plaintiff's right to maintenance under the will terminated with the death of her son. This disposes of the case and makes it unnecessary to notice other questions involved.

The judgment is reversed. All concur.