EMMA GALBRAITH, Respondent, v. WALTER M. PENNINGTON, Appellant.

Springfield Court of Appeals, November 23, 1914.

1. WILLS: Conditions: Performance by One of Two Legatees: Contribution. A will was executed in favor of two legatees and as a consideration for the will it was therein recited that the legatees were to support the testator and his wife for the remainder of their lives. The legatees were placed in possession of the property before the death of either of the testators. One of the legatees performed the services and thus protected the rights of both legatees under the will. She was entitled to enforce contribution from her colegatee.

2. ———:. ———: Nonperformance Forfeiting Title. The condition of a will was that the colegatees named should care for the testator and his wife during their joint and several lives. While it was a condition subsequent which did not prevent the immediate vesting of title yet its non-performance would forfeit title.

3. INFANTS: Appointment of Guardian Ad Litem: May be Made When. The trial court was not ·informed by the defendant that he was an infant until after the trial had begun. An appointment of a guardian *ad litem* then was not reversible error, defendant's rights as an infant being fully protected.

4. ———: Actions Against: Guardian Ad Litem Necessary. A final judgment entered against an infant defendant without the appointment of a guardian *ad litem* who should act for the infant, is erroneous and must be reversed.

5. ———: Choice of Guardian Ad Litem: Failure to Make: Appointment. Where an infant, entitled to choose his own guardian fails to do so and fails to acquaint the court of the fact of his infancy until after part of the trial proceedings are had. it is not reversible error for the trial court to then ap-

point the guardian *ad litem* and after his acceptance of the trust the cause may proceed to final judgment.

6. ———: Guardian Ad Litem: Acceptance of Trust Shown How. A guardian *ad litem* need not accept the trust in writing. His acceptance is sufficiently evidenced by his participation in the trial after his appointment.

7. APPEAL AND ERROR: Contention Made For First Time on Appeal: Directing Judgment. Action by one legatee against a colegatee for contribution. Defendant was an infant and there was a provision in the will that should he die before becoming of age, his share should go to the plaintiff. Defendant at the trial of the case was still an infant. On appeal it was argued that the recovery of a personal judgment against him might result in injustice in the case of death before he became of age. The contention being made for the first time on appeal, the judgment is not reversed outright but reversed and remanded with directions to make the judgment a lien on defendant's interest in the land.

Appeal from Shannon County Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED (*with directions*).

*C. M. Buford* and *Orchard & Cunningham* for appellant.

(1) The court erred in permitting plaintiff to prove that she had paid certain claims due and owing by William Blount at the time of his death over the objection of defendant. If such payments were made they were voluntary and no charge against this defendant. Payment made with full knowledge of all the facts constitutes voluntary payment and cannot be recovered. Brewing Co. v. St. Louis, 187 Mo. 367; Rhodes v. Dickerson, 95 Mo. App. 395; State ex rel. v. Stonestreet, 92 Mo. App. 214. (2) The condition imposed upon the devisees being a condition subsequent was of a personal character and constituted no charge or lien against the real estate devised to this appellant. Alexander v. Alexander, 156 Mo. 413;

Wood v. Ogdon, 121 Mo. App. 668; Finly v. King's Lessee, 3 Peters 374. (3) The suit was prematurely brought. Under the terms of the will, the appellant, Walter M. Pennington, had no interest in the estate until he arrived at his majority and as is shown by the testimony in the case he was only nineteen years of age at the time of the trial in this case, hence would not be of age for two years thereafter. A recovery cannot be had in a trial prematurely brought. Heard v. Richey, 112 Mo. 516; Red Diamond Clothing Co. v. Steidemann, 120 Mo. App. 519; Lowler v. Vette, 166 Mo. App. 343. (4) The court was without juris- diction to proceed in the cause without first appointing a guardian *ad litem.* Wells v. Wells et al., 144 Mo. 198; McMurtey v. Fairly et al., 194 Mo. 502; Lehew v. Brummett, 103 Mo. 546; Kurtz v. Eisenstein, 123 Mo. App. 288; West Meyer v. Gallenkamp, 154 Mo. 28; Reinman v. Reinman et al., 222 Mo. 156.

*L. B. Shuck, Lamar, Lamar & Lamar for* respond-ent.

(1) The jury was limited, by the instruction submitting the issues to the jury, to the proper measure of damages. Even under appellant's con-tention the error, if it were error, of admitting the evidence complained of, was harmless, and could not possibly influence the jury or be considered by them in arriving at their verdict. Shehan v. Citizens Ry. Co., 72 Mo. App. 524; Sanders v. Building & Loan Assoc., 178 Mo. 674; Kennedy v. Gas Light Co., 215 Mo. 688; Tausig v. Wind, 98 Mo. App. 129; Wolfgram v. Modern Woodmen, 167 Mo. App. 222. (2) Where a joint obligation is imposed upon two parties and discharges the whole obligation, the one so discharg-ing all of the obligation can maintain an action against his co-obligor for contribution. Jacobsmeyer v. Ja-cobsmeyer, 88 Mo. App. 102; In re Estate of Kipp,

(Mich.) 29 N. W. 517. (3) The suit was not prematurely brought. Upon the death of Rachel Blount and the probate of the will, the title undoubtedly vested in the defendant as to the lands devised to him. The title certainly could not be in abeyance until he was of age, or until he died, and it is only in the contingency that he dies before attaining his majority that his title passes and becomes the property of Emma Galbraith. (4) Appellant complains because Senator C. M. Buford was, after plaintiff's testimony was in, by order of court appointed guardian *ad litem* for defendant when it was discovered that defendant was a minor. A guardian *ad litem* may be appointed at any time pending the proceedings. 10 Ency. of Pl. & Pr. pp. 638, 656, 661; Nicholson v. Wilborn, 13 Ga. 467. (5) The guardian *ad litem* may manifest his acceptance by appearing in the suit and filing an answer for the infant. 10 Ency. Pl. & Pr. 662; Webster v. Page, 6 N. W. (Ia.) 716; Wickersham v. Timmons, 49 Ia. 267; Earl v. Cotton, 96 Pac. (Kan.) 348.

STURGIS, J.—This suit grows out of the fact that plaintiff discharged the whole burden cast jointly on plaintiff and defendant by the will of William Blount. Being childless, William Blount, an aged farmer, made his wife, also quite old, and the plaintiff and defendant, who had lived with and received parental care and support from this aged couple, the beneficiaries of his will. This will gave all his property, real and personal, to his wife during her life and then to these foster children, dividing the land by metes and bounds between them. The will contained this provision and condition: ''This property is thus willed to the above-named parties in consideration of their looking after and caring for the wants of William and Rachel Blount during their life.''

The testator, William Blount, lived about one year after this will was made and his wife, Rachel

Blount, lived some six years longer. As stated, the testator and his wife were quite old and feeble, requiring care and attention when the will was made. The plaintiff and defendant virtually took possession of the property thus willed to them before testator died and jointly discharged the conditions imposed on them of caring for testator and his wife during testator's life and of his widow for about a year thereafter. The defendant then left, going to his old home, and for some five years thereafter, until the widow also died, plaintiff alone and without any help from defendant performed the services and discharged the burdens imposed on both. After Mrs. Blount's death, plaintiff brought this suit against defendant to recover from him one-half the value of the services in caring for Mrs. Blount during the time she alone rendered such services. Plaintiff recovered seven hundred and fifty dollars and defendant has appealed. The evidence clearly shows that Mrs. Blount was not only old and feeble during the time plaintiff cared for her, but she was an invalid and helpless during much of that time requiring constant care and attention. That plaintiff rendered this service well and faithfully, giving her the same devoted care and attention and administering to her wants that would come from a devoted daughter, is abundantly shown. The value of plaintiff's services was the point contested at the trial and no claim is made here that the award of the jury is excessive under the evidence.

Where a joint obligation, as in this case, is cast by accepting the benefits of a will or by contract on two persons to care for and support another and one of such parties in order to protect his own interest in the property devised discharges the entire obligation or the greater burden of it, an action for contribution will lie in his favor against the defaulting party. This is so palpably just that the law could not deny such right and so the authorities hold. [Ja-

cobsmeyer v. Jacobsmeyer, 88 Mo. App. 102; In re Kipp, (Mich.) 29 N. W. 517.]

Granting that the condition to care for testator and his wife during their joint and several lives, annexed to the grant of this land by the will, is a condition subsequent and not a condition precedent and that the land vested at once on testator's death in the devisees (Alexander v. Alexander, 156 Mo. 413, 419, 57 S. W. 110, Wood v. Ogden, 121 Mo. App. 668, 673, 97 S. W. 610), yet, it was liable to be forfeited by a failure to perform the condition subsequent; so that plaintiff, on the refusal of defendant to do his part, was obliged to perform the whole service in order to protect her own property from forfeiture. In doing so she benefited defendant to the same extent as herself. We have no hesitancy, therefore, in holding that the plaintiff has a right to recover in this case.

It is also contended that the court erred and, in fact, was without jurisdiction to take any steps in the trial of the case without first appointing a guardian ad litem for the minor defendant. The facts are that the question of defendant's minority was not raised and the trial court was in nowise informed of such fact until the court of its own motion asked the defendant while on the witness stand as to his age and elicited the fact of his then minority. Thereupon the court at once made an order appointing defendant's then acting attorney, Mr. C. M. Buford, then in court trying this case, as guardian ad litem of the defendant. The trial then proceeded, without objection or request for further time, on the pleadings previously filed, including the answer prepared and filed by Mr. Buford. There is no suggestion that Mr. Buford, as guardian ad litem, desired to present any other or different defense than was already in the answer prepared by him or that he desired to give the matter further thought or investigation in his capacity as

guardian. He, as guardian *ad litem,* chose to adopt the answer previously filed by him and to continue the trial without delay. That in so doing he acted for the best interest of his ward and discharged his whole duty in that regard we have no doubt whatever.

It is true that a final judgment entered against an infant defendant without a guardian *ad litem* being appointed and acting for him is erroneous and must be reversed. [Wells v. Wells, 144 Mo. 198, 200, 45 S. W. 1035; Lehew v. Brummell, 103 Mo. 546, 553, 15 S. W. 765.] We find no case, however, holding that it is necessarily reversible error where an infant, especially when entitled to choose his own guardian, fails to bring the matter to the court's attention until after part of the trial proceedings are had and the appointment of a guardian *ad litem,* who then accepts the trust, is then made and the cause proceeded with to final judgment. "So, also, where irregularity exists because of proceedings conducted before the appointment of a guardian *ad litem,* the irregularity will be cured so as not even to be error on appeal if no binding decree is rendered until the infant is properly represented, and the guardian having the opportunity to object acquiesces in what has been done and the court decrees correctly on the case presented." [10 Ency. Pl. & Pr. 634.]

In this connection it is also suggested that no consent of Mr. Buford to act as guardian is shown. We may and do concede that this is essential but no express or formal consent of the guardian to so act is necessary. In Vaile v. Sprague, 179 Mo. 393, 399, 78 S. W. 609, it is said by Judge Burgess: "After the infants were brought in by *scire facias* and a guardian *ad litem* had been appointed for them they adopted, or rather their guardian *ad litem* did for them, the petition of the coplaintiffs, and their rights were duly protected. It is clear from the record that they were not in anyway

prejudiced, and that they suffered no injury whatever by the procedure adopted, and under such circumstances we are forbidden by statute from reversing the judgment." As said by Judge LAMM, in Reineman v. Larkin, 222 Mo. 156, 170, 121 S. W. 307: "We do not hold that an acceptance in writing might not be waived by the guardian if he in fact accepted office and the record showed that he entered upon the performance of his duties and performed them under the eye of the court." In the case last cited, the court held that there was no evidence in the record that the person appointed as guardian *ad litem* knew of his appointment or that he actually participated in the trial after such appointment. Here that fact is certain both in the trial court and in this court. Though we appreciate the solicitude with which courts do and should protect the rights of infants, we must under the facts here overrule this assignment of error.

One other contention of defendant deserves our consideration. The will in question contained a clause providing that in the event that defendant should die before becoming of age, then all the land should go to the plaintiff. It is contended that as defendant was not of age at the time of the trial the suit and judgment are premature, as the defendant may die before that event and thus reap no benefit from the land other than a couple of years use of the same and yet have a personal judgment against him far in excess of the benefit derived. This might be met by a suggestion that if in a case like this no suit can be brought until defendant reaches his majority, then if this defendant had been a few years younger at the time plaintiff's cause of action accrued, no suit could have been brought until the Statute of Limitations would bar the action. Also, an examination of the record discloses that no such defense was made in the answer or at the trial. On the contrary, the

184 Mo. App.—40

answer admits that defendant claims the land given him by the will and by virtue of that, will. So little did defendant think of this defense that he did not disclose his age until the court asked him about it. No such error is mentioned in the motion for new trial unless it be embraced in the indefinite suggestion that the verdict is against the law and evidence. The point is clearly an afterthought and raised for the first time in this court. Moreover, no suggestion of the defendant's death is made in this court and from his age at the time of the trial we know that he is now nearly, if not quite, of full age. The reversal of the judgment because of this possible contingency would now be practically a useless ceremony. Without going into these matters at length, we may adopt the suggestions made by the respective parties. Any judgment rendered would be a lien on the land in defendant's hands whether so specified or not. He cannot complain that whatever interest he has in the land under the will may be taken to satisfy the judgment growing out of the burden imposed by the will. The rights of third parties are not here involved, as was the case in Alexander v. Alexander and Wood v. Ogden, supra. It is familiar law that one who takes property from another takes it with the burdens imposed by such other and cannot accept the benefits without sharing the burdens. The plaintiff says she does not ask the judgment to impose any greater burden than can be satisfied out of the defendant's interest in this property. The judgment will, therefore, be reversed and remanded with directions to enter a judgment for the amount of the verdict with interest from its date at six per cent but that the judgment shall be a lien on and any execution thereon shall issue against only the land conveyed to defendant by the will.

It is so ordered.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.